CITY OF ST. CHARLES, Appellant, v. ELSNER.

Division One, March 30, 1900.

1. Cities: ORDIDANCES: PUBLIC SCALES: FEES. A city of the third class has power under section 5841, Revised Statutes 1899, to make provision by ordinance for the weighing of coal and to fix the fees therefor, and that power necessarily implies the power of maintaining public scales for that purpose.

2. ———: ———: LICENSE TAX: DEALER IN COAL. A city of the third class has power by statute to regulate the business of a dealer in coal by requiring his coal to be weighed on the public scales, and to impose a charge therefor; and such charge is not limited by the statute to the actual expense of maintaining the scales.

3. ———: ———: DISCRIMINATION. An ordinance of the city of St. Charles requires all persons selling coal in said city in quantities exceeding fifteen bushels to have the same weighed at the public scales, and further provided that no person should buy coal in such

quantity without the same having been so weighed. *Held*, that the fact that a merchant having a permanent stand at which he is licensed to sell coal and other commodities, after having bought coal thus weighed, is not required when retailing it to his customers in quantities less than fifteen bushels, to weigh it on the public scales, creates no discrimination between such merchant and those who sell in quantities exceeding fifteen bushels. It treats all persons of each class alike under the same circumstances, and the classification is a rational, reasonable and obvious one.

4. ———: ———: REASONABLE: RULE APPLIED. The rule declared in Skinker v. Heman, 148 Mo. 349, that "where the power exercised by the city is within the terms of its charter, the courts will not interfere unless it appears that the ordinance passed in pursuance of such power is the creation of fraud, or the product of legislative whim or caprice merely, in violation of common right, and imposing a burden upon the citizen without any corresponding benefit to him or to the community of which he is a constituent," is applied to the ordinance in question, and the ordinance is upheld.

Transferred from St. Louis Court of Appeals.

REVERSED AND REMANDED.

*T. F. McDearmon* for appellant.

(1) The court erred in refusing the instruction asked by the plaintiff. Under the undisputed facts in the case the plaintiff was entitled to a judgment. The plaintiff was and is a city of the third class and had authority by express grant in its charter to pass the ordinance upon which the complaint is based for the regulation of weighing and measuring any commodity sold in the city, including coal. Laws 1893, p. 84, sec. 91. It is well settled that the Legislature in the exercise of its police power had the right to confer this authority upon the city. Coal Co. v. St. Louis, 130 Mo. 323; City of Lamar v. Weidman, 57 Mo. App. 507; Dillon on Mun. Corp. (1 Ed.), sec. 390; Cooley on Con. Lim., sec. 596; Turner v. Maryland, 100 U. S. Sup. Ct. 38; Ritchie v. Boynton, 114 Mass. 431; Eaton v. Keagan, 114 Mass. 443; Durgan v. Dyer, 68 Me. 143; Woods v. Armstrong, 34 Ala.

150; Mobile v. Tuille, 3 Ala. (U. S.) 140; City Council v. Rogers, 2 McCord 495; Stokes v. New York, 14 Wend. 87; Mayor of New York v. Nichols, 4 Hill (N. Y.) 209; Tenney v. Lenz, 16 Wis. 566; Fire Department v. Helfenstein, 16 Wis. 136; Ash v. People, 11 Mich. 347; Chilvers v. People, 11 Mich. 43; State v. Herod, 29 Iowa 123; Yates v. Milwaukee, 12 Wis. 673; Raleigh v. Sorrell, 1 Jones (N. Car.) 49; Frazier v. Warfield, 13 Neb. 279; Cooley on Taxation, p. 409; Johnson v. Philadelphia, 60 Pa. St. 445; New York v. Street Railway, 32 N. Y. 261; Louisville City R. R. Co. v. Louisville, 4 Bush. 478; O'Maley v. Freeport, 96 Pa. St. 24. The fact that the fees charged and collected exceeds the expense of the license or regulation does not invalidate the ordinance or constitute a revenue or tax ordinance. Coal Company v. St. Louis, 130 Mo. 323; Lamar v. Weidman, 57 Mo. App. 507; Tenney v. Lenz, 16 Wis. 566; Fire Department v. Helfenstein, 16 Wis. 136; Ash v. People, 11 Mich. 347; Chilvers v. People, 11 Mich. 43; State v. Herod, 29 Iowa 123. The fact that the fees are payable into the treasury of the city does not impress it with the character of a tax and renders the ordinance invalid. Coal Company v. St. Louis, 130 Mo. 323; Railroad v. Philadelphia, 58 Pa. 119; Johnson v. Philadelphia, 60 Pa. St. 445; State v. Herod, 29 Iowa 123; New York v. Railroad, 32 N. Y. 261; Railroad v. Louisville, 4 Bush. 478. The ordinance in question is penal in its nature. In the construction of a penal statute or law an interpretation must never be given that will defeat its purpose if it will admit of any other reasonable construction. Kansas City v. Lorber, 64 Mo. App. 604; St. Joseph v. Elliott, 47 Mo. App. 418; State v. Williams, 35 Mo. App. 541; Deemes v. Mayor of Baltimore, 8 Md. 164; Littlefield v. State, 42 Neb. 223. Municipal authorities are beyond the control of the court in the exercise of powers expressly granted to them. Accordingly the courts will not declare the ordinances of a

city enacted under such express authority unreasonable and invalid. Marionville v. Hinson, 65 Mo. App. 397; Skinker v. Heman, 64 Mo. App. 441; Farrar v. St. Louis, 80 Mo. 379; Estes v. Owen, 90 Mo. 113; St. Louis v. Speigel, 8 Mo. App. 478; Plattsburg v. Riley, 93 Mo. 606; St. Louis v. Griswold, 58 Mo. 192; State v. Able, 65 Mo. 357; Hannibal v. Tel. Co., 31 Mo. App. 23; St. Louis v. Green, 7 Mo. App. 468; s. c., 70 Mo. 562; Lamar v. Weidman, 57 Mo. App. 507; Grand Rapids v. Brandy, 105 Mich. 670; O'Maley v. Freeport, 96 Pa. St. 24.

*C. W. Wilson* for respondent.

(1)    As the authority of the city to legislate on the subject is derived from Acts of 1893, sec. 91, p. 84, we insist: (a)    That this section of the charter does not empower the city to maintain public scales, and the ordinance is invalid for that reason. (b)    But if it be said that the city may provide for the weighing of articles on the public scales, the utmost that can be claimed under the section is the right to regulate, but no power to tax for revenue purposes. The ordinance is in effect—in practical operation—a revenue ordinance, and hence invalid. St. Louis v. Ins. & Trust Co., 47 Mo. 150; Knox City v. Thompson, 19 Mo. App. 527; Trenton v. Clayton, 50 Mo. App. 541; St. Louis v. Telephone Co., 96 Mo. 623; In re Wau Yin, 22 Fed. Rep. 701; Jackson v. Newman, 59 Miss. 385; Mankato v. Fowler, 32 Minn. 364. (2)    The ordinance is invalid because of its illegal discriminating provision. By section 790 all are required to have unshelled corn, hay, or stone coal weighed on the city scales before selling or offering the same for sale. But section 793 permits any merchant in the city to sell hay in 500 pound lots or unshelled corn or stone coal in 15 bushel lots without having the same weighed. It discriminates in favor of a class as against the mass of citizens. St. Louis v. Spiegel, 90 Mo. 587. (3)

The ordinance is unreasonable and conflicting in its provisions, and imposes an oppressive burthen upon the trade in commodities embraced in its provision. Under the guise of regulation it in fact collects a revenue tax. It makes it a misdemeanor for a man to offer hay, corn, or coal for sale, without first having had the same weighed, and without having a weigher's certificate showing the gross, tare and net weight of the article offered. It undertakes to improperly impose taxes on these articles. City v. Riley, 72 Mo. 220; R. S. 1889, sec. 1920, p. 513; Brookfield v. Tooey, 141 Mo. 619; Lamar v. Weidman, 57 Mo. App. 514.

BRACE, P. J.—This is an action by the city of St. Charles against the defendant for the violation of a city ordinance, begun in the police court of said city, taken thence by appeal to the St. Charles Circuit Court, thence to the St. Louis Court of Appeals, and thence certified here, as involving the construction of section 3 of article 10 of the Constitution.

The city of St. Charles is a city of the third class. By statute, cities of that class are authorized to provide by ordinance for the inspection, weighing and measuring of coal, hay, corn, and other commodities and to fix the fees therefor (Laws 1893, p. 84, sec. 91), and to collect a license tax on "merchants of all kinds" and on "all other businesses, trades and avocations whatever." · [Sec. 107.]

The city has and maintains three public scales.

The ordinance in question after providing for the appointment of weighers at such scales, their qualification, by oath, and bond, provides:

"Section 790. *Penalty for selling unweighed coal, hay and corn; what certificate shall contain.*—Any person who shall bring or send into the city of St. Charles for sale, any unshelled corn, hay or stone coal, in any wagon or vehicle, and shall sell or offer the same for sale without having first had the same and the wagon or other vehicle, containing the same,

weighed, and without having a certificate of the weight thereof, which certificate shall contain the gross, tare and net weight of the article contained in said load, and the weigher's name printed or written therein, and the fee paid to the weigher, shall be deemed guilty of a misdemeanor, and shall pay to the city not less than five and not more than one hundred dollars, to be recovered as other penalties before the police judge."

It then prescribes a form for the weigher's certificate, the number of pounds to the bushel, and then provides:

"Section 793. *Coal, Hay and Corn must be weighed.*— No person shall buy or sell or offer to sell any unshelled corn, or stone coal, in this city in quantities exceeding fifteen bushels, nor shall any person buy or sell, or offer for sale, any hay in this city in quantities exceeding five hundred pounds until the same shall have been weighed by one of the city weighers, on one of the city scales, and a certificate of the weight given as herein required. Provided, that no person shall sell unshelled corn, or stone coal in quantities not exceeding fifteen bushels, and hay in quantities not exceeding five hundred pounds in this city until the same has been weighed as hereinbefore provided, unless such person is a dealer buying and selling unshelled corn, stone coal or hay at a stand or permanent place of business in this city, and has a merchant's license from this city to engage in such business."

It then forbids the alteration of the weigher's certificate and provides:

"Section 795. *Weigher's charges.*—The weighers shall be entitled to charge for each certificate delivered by them as follows: For every load of unshelled corn or stone coal containing fifty bushels or more, twenty-five cents, and for every such load containing less than fifty bushels and more than fifteen bushels, twenty cents; for every load of hay containing more than five hundred pounds, twenty-five cents, and for all other things not before mentioned, twenty-five cents per load; for each animal weighed separately, ten cents; and for two or more animals, five cents each; provided, that when such ani-

mals are weighed in a wagon the charge shall be twenty-five cents. No weigher shall charge more or less than the prices allowed by this section, nor shall he deliver his certificate until the fee is paid.

"Section 796. *Weighers shall account for moneys collected; their compensation.*—The city weighers shall account to and settle with the city for all fees and money collected by them at the regular meetings of the council in April, July, October and January in each year, and shall be allowed for their services one-half of all fees collected by them.

"Section 797. *Penalty for violation of this ordinance; or for imposition.*—Whoever shall violate any of the provisions of this ordinance, or be guilty of any fraud or imposition in the sale of unshelled corn, stone coal or hay, or shall change or alter any certificate made in pursuance thereof, shall forfeit and pay to the city not less than five nor more than one hundred dollars, to be recovered as other penalties before the police judge."

On the trial in the circuit court the defendant admitted that he weighed on his own scales, and sold and delivered in the city of St. Charles a load of coal containing more than fifteen bushels and did not weigh the same on the city scales, and in defense, introduced evidence tending to prove that the net revenue derived by the city from its public scales after deducting current expenses, was as follows:

"For 1891, net revenue..............$ 558.92
For 1892, net revenue ..............  393.83
For 1893, net revenue ..............  617.24
For 1894, net revenue ..............  421.99
For 1895, net revenue...............  517.45

Or total net revenue for 5 years........$2,509.43."

Thereupon the court found the issues for the defendant, and rendered judgment in his favor for costs, from which the plaintiff appeals.

The invalidity of the ordinance is the sole ground upon which the judgment of the circuit court rests. In support of the judgment, counsel for defendant contends that the ordinance is invalid for several reasons which will be noticed in their order.

"First. That the city under the statute has no power to maintain public scales."

The answer to this contention is obvious. The power to make provision for the weighing of coal, necessarily implies the power to provide the means for weighing it, and scales are the appropriate means for that purpose. [Davis v. Town of Anita, 73 Iowa, 325.]

"Second. That conceding the power of the city to provide for the weighing of coal on the public scales, it has no power to tax that weighing for revenue purposes. That the ordinance in effect is a revenue ordinance, and hence invalid."

In support of this contention St. Louis v. Ins. & Trust Co., 47 Mo. 150, is relied upon. The ordinance in that case imposed a charge of $200 per annum upon licenses to insurance companies, under a power in the city charter "to license all insurance companies," and it was held, "The charter merely gives the power to 'license all insurance companies,' etc. The uniform course of decisions is that the right to license an employment does not imply a right to charge a license fee therefor with a view to revenue, unless such seems to be the manifest purpose of the power; but the authority of the corporation will be limited to such a charge for the license as will cover the necessary expenses of issuing it, and the additional labor of officers and expenses thereby imposed. A license is issued under the police power, but the exaction of a license fee with a view to revenue would be an exercise of the power of taxation; and the charter must plainly show an intent to confer that power, or the municipal corporation can not assume it," (citing authorities.) In the course of the opinion it is further said: "The words 'to license' may imply the

power to tax when such is the manifest intention; but taken disconnected and alone they will not generally confer the authority. The intention may be readily gathered by referring to the power given the city in the section we are now considering. It is one of the enumerated powers, and grants authority to the mayor and city council to legislate upon the general police of the city. In the eighteenth subdivision it confers authority 'to license, tax and regulate auctioneers, grocers,' etc. The nineteenth gives power 'to license, tax and regulate horse, railroad cars, hackney carriages,' etc. The twenty-first 'to license, tax, regulate and suppress theatrical and other exhibitions, shows and amusements.' Twenty-second, 'to license, tax, restrain, prohibit and suppress billiard tables,' etc. But in the forty-fifth the power is simply 'to license insurance companies.' These provisions contained in the same sections abundantly show that the mind of the lawgiver was directed to the subject, and that the power to tax was given where it was intended to be exercised, and that it was withheld where it was not so expressed."

If the certificate which the city weigher is required to give by the ordinance in question, be regarded as a license, and the charge imposed for the weighing as a license tax, rather than as compensation to the city for the use of its scales and the services of its officers, yet the case in hand is easily distinguishable from that case. Here express power is given by the statute, which is the city's charter, not only to regulate the weighing of coal to be sold in the city, but "to fix the fees" therefor, and the power is not limited by any such terms of exclusion as existed in the charter in that case, but on the contrary the city is here expressly authorized to collect a license tax on "merchants of all kinds" "and on all other businesses, trades and avocations whatever." The case of city of St. Joseph v. Ernst, 95 Mo. 360, in which power was given to the city, by ordinance to license, tax, and regulate insurance companies is more analogous to the present case.

In that case it was held: "Even the words 'to license' may imply the power to tax, when such is the manifest intention; but taken disconnectedly and alone they will not generally confer that authority. City of St. Louis v. Ins. Co., 47 Mo. 150. But here the power to tax as well as to license is given in express terms; and there can be no doubt that the city may collect a tax for revenue by way of a license, unless there is some other provision of the law which requires us to give a different construction to the words of the charter law so quoted." See, also, City of Aurora v. McGannon, 138 Mo. 38; City of Springfield v. Smith, 138 Mo. 645. So, under a similar grant of power, an ordinance forbidding the sale of coal without having the same weighed by a city weigher, and his certificate of the weight thereof, for which a charge was imposed, even when weighed on the private scales of the owner was upheld in Coal Company v. City of St. Louis, 130 Mo. 323. While the grant of power in the present case is not in precisely the same terms as in those cases, it is quite as direct and explicit. The city has the power by statute to regulate the business of a dealer in coal by requiring his coal to be weighed on the public scales and by imposing a charge for weighing his coal. This is the plain meaning of the statute, and there is nothing in its terms requiring us to limit that charge to the actual expense of maintaining the scales.

Third. It is next contended that the ordinance is invalid because of the discrimination in section 793, whereby only coal sold in quantity exceeding fifteen bushels, is required to be weighed on the city scales.

In support of this contention we are cited to the case of St. Louis v. Spiegel, 90 Mo. 587, in which an ordinance, which under a like license allowed owners of meat shops in the new city limits to sell both at their shops and on their wagons, while the owners of such shops in the old city limits could make sales only at their shops, was held to be unlawfully discriminative between persons of the same class and

invalid. But that case is not in point. The ordinance in question makes no discrimination between persons of the same class. All persons selling coal in the city in quantities exceeding fifteen bushels must have the same weighed on the public scales; and no person is permitted to buy coal in such quantity that has not been so weighed. The fact that a merchant having a permanent stand at which he is licensed to sell that and other commodities, after having bought coal thus weighed, is not required when retailing it to his customers in quantities less than fifteen bushels, to weigh it on the public scales, creates no discrimination between those, who sell in quantities exceeding fifteen bushels, and from whom he may have bought it, nor does the ordinance make any discrimination between the merchants who thus sell it. It treats all persons of each class alike under the same circumstances, and the classification is a natural, reasonable and obvious one.

Fourth. It is finally contended that the ordinance is unreasonable, and for that reason should be declared invalid. In the recent case of Skinker v. Heman, 148 Mo. 340, after a review of all the cases in this State, the general rule deduced therefrom was, that when the power exercised by the city is within the terms of its charter, the courts will not interfere unless it appears that the ordinance passed in pursuance of such power "is the creation of fraud, or the product of legislative whim or caprice merely, in violation of common right, and imposing a burden upon the citizen without any corresponding benefit to him or the community of which he is a constituent." And such was found to be the rule generally. Applying this rule to the ordinance in question, nothing can be found to condemn it.

The judgment of the circuit court is reversed and the cause remanded for new trial. All concur except *Robinson, J.*, absent.