City of Doniphan v. White.

---

CITY OF DONIPHAN, Appellant, v. WHITE et al., Respondents.

St. Louis Court of Appeals, February 21, 1905.

1. MUNICIPAL CORPORATIONS: Validity of Ordinance: Cattle. Under section 5959 of the Revised Statutes of 1899, a city of the fourth class has power to both regulate and restrain the running of cattle at large within the corporate limits.

2. ————: ————: Regulating Cattle. And under the power to regulate, an ordinance prohibiting cattle with horns from running at large was valid and not an unreasonable discrimination between the owners of cattle with horns and cattle without horns.

Appeal from Ripley Circuit Court.—*Hon. Jas. L. Fort*, Judge.

REVERSED AND REMANDED.

*J. M. Atkinson* for appellant.

(1) Section 5959, Revised Statutes 1899, gives a direct and specific power to cities of the fourth class to "regulate" and "restrain" cattle from running at large within their corporate limits, and authority to enforce such powers by impounding such cattle, and also providing penalties for the owners who shall permit such cattle to run at large in violation of such restrictions. (2) The specific power to "regulate" gives the city the right to make police regulations as to the mode in which the designated employment shall be exercised. St. Louis v. Tel. Co., 96 Mo. 631, 10 S. W. 197; 1 Dill. on Mun. Cor. (3 Ed.), sec. 358. (3) The police power to "regulate" is entitled to liberal construction, and is largely within the discretion of the council, and not subject to judicial interference. Smith on Mun. Cor., sec. 1322. "That a large and liberal discretion is to be allowed to municipal authorities, is conceded." Cape Girardeau v. Riley, 72 Mo. 224; Tarkio v. Cook, 120 Mo. 9, 25 S. W. 202; St. Louis v. Galt, 179 Mo. 18, 77 S. W. 876; Springfield v. Starks, 93 Mo. App. 77; 1 Dill. on Mun. Cor. (3 Ed.), sec. 402; St. Louis v. Howard, 119 Mo. 46, 24 S. W. 772. (4) Appellant city having the absolute power to prohibit cattle from running at large, can make the conditions on which cattle will be permitted to run at large, and it does not lie in the mouth of respondents to say that such regulations are unreasonable, and such absolute power even if the power to "regulate" were not given, is not limited to saying "yes" and "no." Railroad v. Kirkwood, 159 Mo. 252; St. Louis v. Fischer, 167 Mo. 662, 67 S. W. 872; Fischer

v. St. Louis, 24 U. S. 673; Railroad v. Railroad, 105 Mo. 571, 16 S. W. 920. (5) The objection made to the ordinance in dispute, that it is "unreasonable," cannot be maintained by respondents, in the light of the decision of the appellate courts of this State. Skinker v. Heman, 148 Mo. 349, 49 S. W. 1026; St. Louis v. Wbeer, 44 Mo. 550. The power to regulate and prohibit cattle from running at large within appellant city, being a police regulation for the protection and safety of the citizens of appellant city, is not subject to the objection that said ordinance is void on the ground that it discriminates between cattle with horns and those without horns. State v. Tie and Timber Co., 179 Mo. 245, 80 S. W. 941; State v. Cantwell, 78 S. W. 569.

*Dinning & Hamel, T. F Lane* and *Alf. Perkins* for respondents.

(1) The power of the city to pass the ordinance in question must be derived from section 5959, Revised Statutes of Missouri, or it must be based on the "General Welfare" clause of section 5957, Revised Statutes 1899. Where the charter in general terms authorizes the corporation to abate nuisances, but also contains a special provision enabling it to regulate and prohibit animals from running at large, any ordinance designed for the regulation of animals from running at large must rest upon the special power granted, and not upon the general provision. Dillon on Mun. Cor. (1 Ed.), sec. 250 and notes; 2 Smith on Mun. Cor., sec. 1320; Johnson v. Daw, 53 Mo. App. 372; Springfield v. Starke, 93 Mo. App. 70. (2) It is further contended that the ordinance in question is void for the reason that it is a special law or class legislation. "A statute which relates to persons or things as a class is a general law, while a statute which relates to persons or things of a class is a special law." Dunne v. Railroad, 131 Mo. 5, 32 S. W. 641. (3) Said

ordinance is void because it makes an unreasonable and unwarranted discrimination between cattle with horns and cattle without horns running at large within the corporate limits of said city. State v. Loomis, 115 Mo. 307, 22 S. W. 350; State v. Julow, 129 Mo. 163, 31 S. W. 871; Cooley on Const. Lim. (6 Ed.), secs. 430, 434; 2 Story on Const. (5 Ed.), secs. 1590, 1943; Bank v. Okeley, 4 Wheat. 235; Wally's Heirs v. Kennedy, 2 Yerg. 554; Commonwealth v. Perry, 28 N. E. 1126; Godcharles v. Wigeman, 113 Pa. St. 431; State v. Goodwill, 33 W. Va. 188; Millett v. People, 117 Ill. 294; Frover v. People, 141 Ill. 171; Ritchie v. People, 155 Ill. 98; In re Jacobs, 98 N. Y. 98; People v. Gillson, 109 N. Y. 389; Tilt v. People, 27 Ch. Leg. News 270.

GOODE, J.—These respondents were complained against before the mayor of the city of Doniphan for permitting a cow with horns to run at large within the corporate limits of the city contrary to the provisions of an ordinance which provided that it should be unlawful for the owners, agents or keepers of a cow, bull, heifer or steer to permit the same to run at large within the city unless the animal was dehorned or a natural muley. The respondents were convicted before the mayor and took an appeal to the circuit court where, on a trial of the case, the ordinance was excluded from the evidence and a declaration in the nature of a demurrer to the appellant's case given. The circuit court held that the city of Doniphan had no power to pass the ordinance in question, and the respondents endeavor to sustain this ruling on the ground that the ordinance created an unlawful discrimination between the owners of cattle with horns and the owners of cattle without horns. Doniphan is a city of the fourth class. The Revised Statutes contain a specific grant of power to such cities to regulate and restrain the running at large of cattle within the corporate limits and to provide penalties against owners who shall violate a

measure adopted by the city to regulate and restrain cattle. [R. S. 1899, sec. 5959.] Power is given both to regulate the running at large of cattle and to restrain them. The ordinance with which we are concerned is a regulation of the matter pursuant to the granted power. It prohibits the running at large of cattle with horns, but permits muley and dehorned cattle to do so. The obvious reason for this legislation is that in the judgment of the city authorities, cattle with horns were considered dangerous to people on the streets, and perhaps to young trees; while those without horns were not. This was a matter within the discretion of the council. That body had power to prohibit all cattle from running at large, or they might restrain only such animals as, in reason, could be considered dangerous to persons or property. Horned cattle are more dangerous than those without horns, and if the council saw fit to permit one class to be on the streets, while prohibiting the other class, it could do this by virtue of the grant of power contained in the statutes. No case like this has been cited, nor have we found one; but according to those general principles which control the exercise by a municipality of a power granted in its charter to enact legislation on a specified subject for the purpose of promoting the health, safety and welfare of the community, the ordinance before us seems to be valid. We can not say the discrimination between the two kinds of cattle was arbitrary, capricious or unreasonable. One kind might do mischief and the other not. As the ordinance was founded on a power expressly granted and deals with the very matter of the grant—the regulation of the running at large of cattle—its invalidity, when tried by some established principle of law, would have to be clear, for us to annul it. [Tarkio v. Cook, 120 Mo. 1, 25 S. W. 202; St. Charles v. Elsner, 155 Mo. 671, 56 S. W. 291.]

The judgment is reversed and the cause remanded. All concur.