CASE 39—PROCEEDING BETWEEN CITY OF LOUISVILLE AND THE LOUIS-
VILLE PUBLIC LIBRARY AS TO PROVIDING FIRE ESCAPES.—MAY 25.

# Louisville Public Library Co. v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS BRANCH, SECOND
DIVISION—THOMAS R. GORDON, JUDGE.

JUDGMENT FOR THE CITY AND THE LIBRARY APPEALS. AFFIRMED.

MUNICIPAL    CORPORATIONS—BUILDING    INSPECTION—REGULATIONS—
STATUTES.

Under Ky. St., 1903, sec. 2758, which is a part of the act for
government of cities of the first class, passed July 1, 1893, and
which provides that statutes previously enacted for the inspection
of buildings shall continue in force until superseded by appropri-
ate ordinances passed by the general council, the whole question of
building inspection is left to be regulated by ordinances passed
by the general council; and an ordinance so passed is valid, al-
though it conflicts with Acts 1887-88, vol. 1, c. 124, which appears
in Ky. St. 1903, secs. 1830, 1832 and which prescribes the con-
ditions under which the owners of certain property shall place
fire escapes thereon, and imposes a penalty for leaving the build-
ing unprovided with fire escapes.

HARDIN W. HERR AND MARION W. RIPY, ATTORNEYS FOR APPEL-
LANTS.

## POINTS AND AUTHORITIES.

1. (a) If a city ordinance is repugnant to a general law of a
State, it is necessarily null and void. Burlington v. Keller, 18
Iowa, 65; Wood v. Brooklyn, 14 Barbour, 425; Cullinan v. New
Orleans, 28 Lou. Ann., 102; Livingston v. Albany, 41 Ga., 21;
Indianapolis v. The Gas Light & Coke Co., 66 Ind., 295; Pester-
field v. Vickers, 3 Cold. (Tenn.), 205; Haywood v. Savannah, 12
Ga., 304; Davis v. City of Litchfield, 145 Ill., 314, s. c., 33 N. E.,
888; Judson v. Reardon, 16 Minn., 341; Com. v. Turner, 1 Cush.,
493; Am. & Eng. Ency. of Law, vol. 21 (2d Ed.), pp. 980, et seq.
and the authorities there cited; Thompson v. Schermerhorn, 6
N. Y., 95; Kentucky Statutes, sec. 2783; Bailey v. Com., 23 Ky.

Law Rep., 1225; McQuillan's Municipal Ordinances, section 219.

(b) The ordinance of August 14, 1899, found in fourth bi-annual compilation of city of Louisville, page 187, is repugnant to Kentucky Statutes, chapter 51, section 1832, *et seq.*, Kemper v. Com. 85 Ky., 219; Cooley Constitutional 'Limitations, 7th Ed., 279; Constitution, Section 168.

(c) Courts take judicial notices of the ordinances of the city of Louisville. Section 2775, Kentucky Statutes; Woolley v. Louisville, 24 Ky. Law Rep., 1457; Gaertner v. Louisville, 24 Ky. Law Rep., 940.

2. Implied repeal of a law is not favored. Com. v. Grinstead, 108 Ky., 68; Conley v. Com., 98 Ky., 131; Rash v. Holloway, 82 Ky., 677; Adams Express Co. v. City of Lexington, 83 Ky., 657; Roberts v. Hackney, 109 Ky., 267.

3. The act of 1888, relating to fire escapes was not repealed by the act of 1890, relating to same subject.

4. Nor were either repealed by Kentucky Statutes, Section 2753.

5. Even if the act of 1890 attempted to repeal the act of 1888, relating to fire escapes, it was unconstitutional. Constitution of 1850, article 2, section 37.

6. Kentucky Statutes, section 2758, in so far as it attempts to repeal the acts of 1888 or 1890, is unconstitutional. Section 51, Constitution; Dissenting opinion in Stone v. Pryor, 103 Ky., 672.

WARWICK MILLER, ATTORNEY FOR APPELLEE.

1. Our contention is the ordinance in controversy approved August 14, 1899, requiring certain buildings in the city of Louisville to be provided with one or more permanent approved fire escapes, when ordered by the inspector or his deputy, is valid and still in force, and is not in conflict with Ky. Statutes, secs. 1830 and 1832.

2. That the police court of the city of Louisville has jurisdiction to enforce the penalty fixed by law for the failure to comply with said ordinance.

### AUTHORITIES.

Hauns v. Central Ky. Asylum, 103 Ky., 562; Herr v. Same, 17 L. R., 320; Ky. Stat., secs. 229 to 231; Ky. Stat., secs. 217 to 237; Const. secs. 126. and 143; City v. Leatherman, 99 Ky., 213; Const. sec. 184; City v. McNaughton, 19 L. R., 1695; Sinking Fund Com. v. Northern Bank of Ky., 1 Met., 174; Com'rs of Sinking Fund

v. Theobold, 17 B. Mon., 459; Downing v. Mason Co., 87 Ky., 208; Ordinance, 4th Biennial Comp., p. 187; Ky. Stat., secs 1830 and 1832; Ky. Constitution, 168; Acts February 27, 1890, Acts 1889 and 1890, p. 384; Ky. Stat., sec. 2758; Grigsby v. Barr, 14 Bush, 330; Payne v. Connor, 3 Bibb, 180; Patterson v. Caldwell, 1 Met., 489; Com. v. Watts, 84 Ky., 537; State v. Barrow, 30 La. Ann., 659; New York v. Broadway R. R. Co., 12 Hun., 571; Phillips v. Cov. & Cin. Bridge Co., 2 Met., 219; Constitution of 1850, sec. 37, art. 2; Constitution, sec. 156; Broaddus v. Broaddus, 10 Bush, 299.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

An ordinance approved August 14, 1899, with reference to fire escapes, reads as follows: "All buildings occupied by any person or persons, or in which any person or persons shall be employed or assemble (except such as are used as private residences exclusively), of three or more stories in height, shall be provided with one or more permanent approved fire-escapes when ordered by the inspector, or his deputies, and the escapes must be in such number and constructed and located in such manner, as directed in said notice or order." Is the ordinance valid? It is urged that it is invalid, because it is in conflict with the act approved February 13, 1888 (1 Acts 1887-88, p. 20, c. 124), which appears in sections 1830, 1832, Ky. St., 1903. Section 1830 prescribes the conditions under which the owners of certain property shall place ladders or fire escapes thereon. Section 1832 provides a penalty of not less than $50 nor more than $250 for each 30 days the building may be unprovided with a ladder or fire-escape. The compiler of the Kentucky Statutes supposed this act to be in force, and it is conceded that, if it is, the ordinance is invalid under section 168 of the Constitution, which provides that no municipal ordinance shall fix a penalty for violation thereof less than that imposed by the Statutes for the same offense. On February 25, 1890, another act was approved in

regard to fire-escapes (1 Acts 1889-90, p. 384, c. 224). Section 34 of that act is substantially the same as section 1830, except in the latter the chief of the fire department is authorized to require the erection of ladders and fire-escapes, etc., while in the former the inspector of buildings does so with the advice of the fire chief. Besides, in the former act the penalty is not less than $10 nor more than $200, and an additional fine of $50 for each week that the owner fails to comply with the order of the building inspector. This act also provides that all acts in conflict with it are repealed. On July 1, 1893, the act for the government of cities of the first class was passed. Section 2758, Ky. St., 1903, is part of that act. It reads as follows: "The statutes heretofore enacted for the inspection of buildings, and for the appointment of building inspectors, shall continue in force until superseded by appropriate ordinances passed by the general council; but in no event shall such acts now in force, continue longer than March fourth, one thousand eight hundred and ninety-four." It is unnecessary to enter into a discussion as to the extent the act of February 25, 1890, repeals the act of February 13, 1888, for by section 2758 the whole question is to be regulated by the ordinances passed by the general council. The Constitution made it the duty of the General Assembly to classify cities, and pass acts for their government, and it was deemed wise to allow the general council to regulate the matter of construction of fire-escapes. Our opinion is that the ordinance in question is valid.

The judgment is affirmed.

Judge Barker not sitting.