Case 105.—PROSECUTION AGAINST THE KENTUCKY INSTITUTION FOR THE EDUCATION OF THE BLIND FOR FAILING TO PUT UP FIRE ESCAPES AS REQUIRED BY AN ORDINANCE OF THE CITY OF LOUISVILLE.—Nov. 21.

## Kentucky Institution for Blind v. City of Louisville, &c.

Appeal from Jefferson Circuit Court (Common Pleas Branch, 3d Division.)

Upton W. Muir, Judge.

From the judgment sustaining a demurrer to the petition of the Institution praying for an injunction restraining the prosecutions, the institution appeals. Reversed.

1. Fire Escapes—City Ordinance Requiring—Applicability to
Property Belonging to State—A city ordinance requiring "all
buildings occupied by any person or persons or in which any
person or persons shall be employed or assemble, of three or
more stories in height (except private residences) shall be
provided with one or more improved fire escapes when or-
dered by the inspector or his deputy," and providing a fine,
of $10.00 for each day's failure to comply therewith after
notice from the inspector to do so, does not apply to a blind
asylum created and belonging to the State located in such city,
which is under control of a board of visitors appointed
by the Governor with the approval of the Senate.

WARWICK MILLER for appellee.
(No brief in record.)

HARDIN H. HERR and M. W. RIPY for appellant.

POINTS AND AUTHORITIES.

5th Biennial Compilation of Ordinances of City of Louisville,
page 204.

(A)   This Court takes judicial notice of the ordinances of the
City of Louisville. (Ky. Statutes, Section 2775; Gaertner v.
Lou. Artificial Stone Co., 114 Ky., 160; Woolley v. Louisville,
114 Ky., 556.)

1. The ordinance of the City of Louisville relating to fire-es-
capes is unconstitutional, when there is an attempt made to apply
the same to the Kentucky Institute for the Blind, for the reason
that it conflicts with Article 5 of Chap. 16 of Kentucky Statutes,
and the various sections of the same.

(A)   An ordinance may be valid when applied to one class of
cases, and void when applied to another. (Cooley's Constitutional
Limitations (Lane's Edition), page 250; Lewis' Sutherland's Stat-
utory Construction, page 584, Section 298; Opinion of the Jus-
tices, 41 N. H., 555; Commonwealth v. Barney, 115 Ky., 475;
McQuillin's Municipal Ordinances, Section 295; page 452; Inger-
soll on Public Corporations, Section 75, page 235.)

(B)   An ordinance repugnant to a statute is absolutely null and
void.   (Cooley's Constitutional Limitations Lane's Edition), page
279; Louisville v. Louisville Railway Co., 111 Ky., 1; Haywood
v. Savannah, 12 Ga., 404; Ingersoll on Public Corporations, Sec-
tion 75, page 234.)

(C)   No part of a statute is meaningless. (Broom's Legal Maxims,
page 569 (8th Amer. Edition); Lewis' Sutherland's Statutory Con-
struction. Sections 491, 516, pages 919 and 954.)

(D) Kentucky Institute for the Blind is a State Institution. (Kentucky Statutes 1903, Chap. 16, Article 5; Hager, Auditor, v. Gast, 84 S. W., 556 (Ky .Court of Appeals); Louisville Pubilc Library v. City of Louisville, 80 S. W., 1169; S. C., 26 Ky., L. R., 202, distinguished; Kentucky Statutes, Chap. 51; Kentucky Statutes, Section 2758.)

2. In the absence of express authority, a municipal corporation has no power to enact an ordinance regulating a State institution, within its bounds. St. Paul v. Laidler, 2 Minn., 190; S. C., 72 Amer. Dec., 89; McNaughton v. Industrial School of Reform, 19 Ky. L. R., 1695; Louisville v. Leatherman, 99 Ky., 213; Ruhstrat v. People, 185 Ill., 133; S. C. 76 Amer. St. R., 30 S. C. 49 L. R. A., 181; S. C. 57 N. E., 41; Hager, Auditor, v. Gast, 84 S. W., 556 (Ky. Court of Appeals); Ky. Statutes, Section 2833a.)

(A) Sections 2758, 2742 and 2783, Kentucky Statutes, must be construed together. (Amer. & Eng. Ency. of Law, Vol. 26, pages 620.)

3. Neither a statute nor an ordinance includes a State institution in its terms by intendment; State v. Shepherd, 64 Minn,,287; McQuillin on Municipal Ordinances, Section 29-30, 291, pages 41, 42 and 445.)

(A) An ordinance must be construed like a statute. (Denning v. Yount, 62 Kan., 217; S. C., 61 Pac., 803; Affirming Denning v. Yount, 9 Kan. Appeals, 708; S. C. 59 Pac., 1092; McQuillin on Municipal Ordinances, Section 289, page 441.)

4. Under Section 2922, Ky. Sts., a writ of prohibition will lie to test the application of an ordinance to a State institution, (Legality as defined by Webster; Cyclopedic Dict. of Law, pages 538-539.)

(A) In interpreting a statute, the acts which it superseded and changed may be resorted to. (Lewis' Sutherland's Statutory Construction, Sections 399, 401, pages 759 and 777; Broaddus v. Broaddus, 10 Bush, 299; Hadley v. Perks, L. R., 1 Q. B., 457; Elliott's Digest, page 337, Section 4; Lucas' Digest, Section 53, page 27; Burnett's Code, page 189, Section 27; Crawford v. Burke, 195 U. S., 176.)

(B) In interpreting a section of the charter of a municipal corporation, a similar section in the charter of another municipal corporation, that contains different language, may be resorted to, to aid in the matter. (Amer. & Eng. Ency. of Law (2nd Edition), Vol. 26, page 623; Ky. Stas., Sections 3063 and 3639; Ky. Sts., Section 2922.)

5. Under Section 25 of Criminal Code, a writ of prohibition will lie to prevent a police court, from usurping criminal jurisdiction

over State property, of which it has no control. Civil Code, Section 479; Brown on jurisdiction (2nd Edition), Section 175, page 610; High's Extraordinary Legal Remedies (3rd Edition), Section 762, page 706.)

6. Under Section 299, Ky. Sts., the Kentucky Institute for the Blind can only be sued in matters in which it has a property interest.

(A) The affirmative words of a statute generally carry a negative meaning with them (Lewis' Sutherland's Statutory Construction, Section 333, pages 637 and 638; Marbury v. Madison, 1 Cranch, 137; Curtis' Jurisdiction of U. S. Courts (1st Edition), page 8; Broom's Legal Maxims (8th Amer. Edition), page 665.)

(B) A State can not be sued, unless there is an express statute allowing it to be sued. (Tate v. Salmon, 79 Ky., 543; Williamson v. Industrial School of Reform, 95 Ky., 251; Ky. Sts., Section 309.)

(C) Statutes, permitting the State to be sued, must be strictly construed. (Lewis' Sutherland's Statutory Construction, Section 588, page 1038.)

(D) While the word action sometimes includes criminal prosecutions, it does not always do so. (1st Cyc., 719; People v. Green, 1 Ida., 235; State v. Schomber, 63 Pac., 221 (Washington.)

(E) The following cases are distinguished from the case at bar: (Herr v. Cen. Ky. Asy., 97 Ky., 458; S. C. 110 Ky., 282; Hauns v. Cen. Ky. Asy., 103 Ky., 562; S. C. 23 Ky. L. R., 1060; Gross v. Board of Managers, 105 Ky., 840; Henderson Co. Board of Health v. Ward, 107 Ky., 477; Bank of Hopkinsville v. Western Ky. Asylum, 103 Ky., 357; Oberdorfer v Louisville School Board—Kentucky Court of Appeals, March 10, 1905.)

OPINION BY JUDGE O'REAR—Reversing.

Is an ordinance of the city requiring all buildings of a certain class to have fire escapes, applicable to the property of appellant, which is an institution of the State; and if so, is it a valid ordinance? That is the question for decision presented on this appeal. The ordinance is entitled: "An ordinance concerning the erection and maintenance of fire escapes on public and private buildings in the city of Louisville." Its second section reads: "All buildings occupied by any person or persons,

or in which any person or persons shall be employed or assembled (except such as are used as private residences exclusively), of three or more stories in height, shall be provided with one or more permanent improved fire escapes when ordered by the inspector or his deputies, and the escapes must be in such numbers, and constructed and located in such manner, as directed in such notice or order." The eighth section provides: "If the owner after such notice to himself or agents, occupant, or lessee, as provided for in section 7 of this ordinance, fails for a period of thirty days after receiving such notice to comply with the same, he shall be liable to a fine of $10 for each day's failure to comply with the same."

Under this ordinance a building inspector of the city of Louisville, where is located the blind asylum for the education of blind children, an institution created by and belonging to the State, required fire escapes to be put on the building, it being three stories or more in height. Upon failure to comply with the requirement, warrants were issued against the institution and its president to recover the penalties imposed by section 8 of the ordinance. The school for the education of the blind is an eleemosynary institution established and maintained by the State. Section 300 Ky. St. 1903. Its buildings are by the act located in the city of Louisville. It is under the direct control of a board of visitors, one of whom is chosen by the others as president, and all appointed by the Governor upon the advice and with the consent of the Senate. Section 301, Ky. St. 1903, provides: "The said board of visitors shall have the possession, preservation, repairs, and control of the building and grounds belonging to this State, dedicated to the education of the blind, in the city of Louisville. And said board of visitors shall have the direction, control and management of the special and general matters,

concerns and interest of said property and institution." Section 302, Ky. St. 1903, reads: "That said institution and its control, direction, management, property, means, officers and employes shall be, and remain at all times, subject to the control and pleasure of the General Assembly of this commonwealth; and the Governor shall have a supervisory power and right of visitation over the same." Thus it is seen that although the institution is created a body corporate, with power to contract, and to sue and be sued, it is essentially an instrument of the State government, belonging entirely to the State, and being completely under its control.

The city of Louisville, a municipal corporation, created by the State for purposes of local municipal government, is as to such matters also an instrumentality of the State. Its authority to enact by-laws of a police nature, such as the one in question is, is given by the State. Section 2742, Ky. St. 1903, gives the city power to enact ordinances for municipal purposes. Section 2783, Ky. St. 1903, gives the general council of the city power to pass ordinances for the government of the city. It was competent under that authority for the city to enact an ordinance requiring fire escapes to be put on all buildings in the city of the class described. It was a reasonable and fair excercise of the police power conferred by the sections last quoted. Louisville Public Library v. City of Louisville, 118 Ky. 334, 26 Ky. Law Rep. 202, 80 S. W. 1169. But it does not appear by the sections last cited that the State intended that the city might legislate with respect to control, repair, and management of property of a department of the State's government which might be located in the city. We see that section 302 retains in the State Legislature the control and management of the property, although it is committed by section 301 to the board of visitors,

meaning that the ultimate control, and the right to
directly interfere at any time, is reserved expressly
to the State, and not lodged anywhere else.   An act,
granting a charter for a municipal government, will
not be deemed a cession of the Legislature's preroga-
tive to govern for itself the institutions of the State
which may be located within such municipality unless
it may be clearly gathered from the latter act that
such was the legislative intent.

The public money appropriated to this institution
for the education of the blind, is to be expended under
the direction, and for the purposes approved by its
board of visitors.   They are selected with reference
to their peculiar fitness for the responsibility, and
have in view, it may be assumed, the welfare of those
to be benefited by it.   If the city council can over-
ride their judgment and discretion in the matter of
providing fire escapes, or other apparently needed
improvements, then it follows that the  city's officers
and not the State's will, to that extent, control the ex-
penditure of the money given to this charity.   The
Industrial School of Reform, though an incorporated
body, is an arm of the State government.   It, too, is
located within the city of Louisville.   The city is
authorized by its charter to provide for the improve-
ments of its streets, and may impose the cost upon
the adjacent or abutting property.   In McNaughten v.
Industrial School of Reform, 44 S. W. 380, 19 Ky.
Law Rep. 1695, it was held that the city could not,
though, impose such a charge upon the property of
the State.   That opinion followed City of Louisville
v. Leatherman, 99 Ky. 213, 18 Ky. Law Rep. 124,
35 S. W. 625, where it was attempted to enforce the
cost of an improvement of a street upon public school
property.   Although it was there stated that the Con-
stitution forbids funds appropriated for school pur-
poses to be used for any other, we apprehend that the

principle is not different in the case of this institution; for it would scarcely be claimed that funds appropriated for the education of the blind should be appropriated for any other purpose.

And it is not shown that there is any fund appropriated by the Legislature to this institution which might be applied to the purpose of repairing or adding to its buildings. But beyond that is the larger question, and the one upon which this decision is rested; that is, that the State will not be presumed to have waived its right to regulate its own property, by ceding to the city the right generally to pass ordinances of a police nature regulating property within its bounds. The courthouse in the city of Louisville, which belongs to Jefferson county, also an arm of the State government, and the customhouse which belongs to the federal government are both included within the class described by this ordinance. It is not contended that the ordinance applies to them, though. It is said of the latter that the State has ceded to the federal government the jurisdiction of that building; whilst as to the courthouse it has been held, it is said, that a county cannot be sued for any purpose unless the authority be expressly given by statute. But, both the customhouse and the courthouse are exempt from the effect of the ordinance for the additional reason, and a sufficient one, we think, that the State as to the courthouse, has given the control and management of it to a different set of public officials, and by cession to the federal government has likewise left it to that government to control its building. The principle is that the State, when creating municipal governments, does not cede to them any control of the State's property situated within them, nor over any property which the State has authorized another body or power to control. The municipal government is but an agent of the State—not an independent body. It

governs in the limited manner and territory that is expressly or by necessary implication granted to it by the State. It is competent for the State to retain to itself some part of the government even within the municipality, which it will exercise directly, or through the medium of other selected and more suitable instrumentalities. How can the city have ever a superior authority to the State over the latter's own property, or in its control and management? From the nature of things it cannot have.

The judgment of the circuit court is reversed, and cause remanded for proceedings consistent herewith.

Judge BARKER not sitting.