THE CITY OF FULTON, Appellant, v. WILLIAM T. SIMS, Respondent.

Kansas City Court of Appeals, January 6, 1908.

1. MUNICIPAL CORPORATIONS: Weights and Measures: State Institutions: Ordinance. Where a State institution such as an insane asylum is situated within the borders of a city of the third class and has power by statute to purchase for its own comsumption and use, it has a right to require coal to be weighed upon its own scales and the seller of such coal cannot be made liable to the penalty fixed by an ordinance for selling coal without being weighed and certified by the city weighmaster, unless there is some special statutory provision requiring compliance with the city ordinance in that regard.

2. ———: ———: ———: ———: Instructions. An ordinance regarding weights and measures provided in one of its sections, that persons owning their own scales might have commodities weighed thereon, which they purchased for themselves. Held, this applies to a State institution within the boundaries of the city, and sellers of articles to such institutions are not compelled to have them weighed on the city scales, since such ordinance was made for the protection of the purchasers, and if he is content with weighing on his own scales the public cannot complain.

Appeal from Callaway Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*D. P. Bailey* for appellant.

(1) The city of Fulton had the right to enact this ordinance and has the right to enforce the same, both

as police regulation and as a source of revenue. St. Charles v. Elsnen, 155 Mo. 671; R. S. 1899, sec. 5841. (2) The weigher's tax is not levied as against State Hospital No. 1. It puts no burden on the State. If it did why should not the State pay its *pro rata* share of injury done to the streets of appellant? In the city of St. Charles v. Elsnen, supra, it is held that a city of the third class has a right to impose a reasonable license for the use of its streets. (3) Appellant contends that State institutions, colleges, etc., located in its corporate limits are persons within the meaning of section 5841, Revised Statutes 1899, supra, and within the force of said ordinance.

*Harris & Hay* for respondent.

(1) The power to pass an ordinance regulating weights and measures is strictly a police power. It is exercised for the purpose of affording protection to the inhabitants of a city against false and fraudulent weights in the sale and exchange of commodities. Lamar v. Weidman, 57 Mo. App. 513; McQuillin's Mun. Ordinances, sec. 485, p. 767; Chicago v. Gunning System, 214 Ill. 628; Wheeler v. Aberdeen, 87 Pacif. (Wash.) 1061; Police powers conferred by statute cannot be used for the purpose of revenue. Knox City v. Thompson, 19 Mo. App. 523; St. Louis v. Trust Co., 47 Mo. 150. (2) Ordinances must not in their operation or enforcement contravene the principle of common right. 21 A. & E. Ency. of Law (2 Ed.), p. 989, and authorities there cited. Ordinances regulating the sale or disposition of private property are in derogation of common right and must be strictly construed. 26 A. & E. Ency. of Law (2 Ed.), p. 662, and authorities there cited. (3) Unless expressly so stated in the law conferring power, municipal corporations have no power to affect property under control of the State. Doubt as to the existence of such power must be ruled against

the city.   Endlich on the Interpretation of the Statutes, secs. 161, 162, 163; Schroder v. Charleston, 3 Brev. (S. C.), 533, 541; McQuillin's Municipal Ordinance, p. 785 (note).    (4)   In the absence of express authority a municipal corporation has no power to enact an ordinance controling or interfering with the management of a State institution located within its bounds.   Ky. Inst. for Education of Blind v. City of Louisville, 8 L. R. A. (New Series) 553 and authorities there cited, and same case also found in 97 S. W. 402; R. S. 1899, secs. 7698, 7699.   Section 7 of the ordinance permits persons owning scales to weigh commodities purchased by them on their own scales.   Coal Company v. St. Louis, 130 Mo. 331; R. S. 1899, sec. 5841.   (6)   To make the ordinance in question apply to articles sold the State under special contract as provided by section 7708, Revised Statutes 1899, is unreasonable, oppressive and in restraint of trade, clearly against the obvious intention of the statute and would in ultimate effect be the imposition of a tax upon the property of the State, or at least upon purchases made by the State.   St. Louis v. Priesmyer, 12 Mo. App. 592; St. Louis v. Weber, 44 Mo. 547; Hannibal v. Tel. Co., 31 Mo. App. 23; Corrigan v. Gage, 68 Mo. 541; Chicago v. Gunning System, 214 Ill. 628; Wheeler v. Aberdeen (Wash.), 87 Pac. 1061.

ELLISON, J.—Defendant was charged with a violation of an ordinance of the city of Fulton, a city of the third class.   On a trial in the circuit court he was acquitted.

It appears that the city had an ordinance establishing public scales and providing that coal, hay, etc., should not be sold or bought without being weighed on such scales and a certificate of weight given to the purchaser.   Defendant was the owner of a coal mine situated outside of the limits of the city.   He sold and delivered coal to State Hospital for Insane No. 1, an eleemosynary institution of the State.   [Art. 1, chap.

118, R. S. 1899.] At the trial the following facts were agreed upon: "That the defendant, William Sims, did on the eighteenth day of August, 1906, haul from his coal mines outside city limits of Fulton and deliver to the State Hospital No. 1, in the corporate limits of the city of Fulton, one load of stone coal as alleged in the information herein, without first having the same weighed on the city scales and obtaining a certificate of weight as prescribed in the ordinances mentioned in the information, and that the said coal was sold to the said Hospital by the defendant by contract entered into on the first day of September, 1905, which was prior to passage of ordinance under which this action is brought and which provides that said coal should be weighed on Hospital scales free of charge, and that said coal was delivered under and in fulfillment of said contract and was weighed on scales belonging to said Hospital."

The ordinance in question provides that:

"Sec. 1. Election and compensation, etc.

"Sec. 2. Weights and measures to be kept.

"Sec. 3. Public scales established.

"Sec. 4. Duties of weighmaster.

"Sec. 5. Weights and measures.

"Sec. 6. *Corn, hay, and coal to be weighed on city scales.*—No person shall buy or sell, or offer to buy or sell, or receive or deliver, in the city of Fulton, any corn, hay or mineral coal, in bulk or wagon, or dray load, until the same shall first be weighed, before the delivery or reception thereof, on the city's scales, and a certificate of the weight is given and procured as required by this ordinance; provided, persons who are dealers in buying and selling corn, hay or mineral coal at a stand or permanent place of business in this city and who have a merchant's license from the city to engage in such business, may sell corn or coal in quantites not exceeding fifteen bushels, and hay not

exceeding five hundred pounds, without having the same weighed by the city weighmaster, etc.

"Sec. 7. *Private scales not to be used, except.*—All persons now or hereafter owning or having charge of any heavy draft scales within this city other than the city scales provided by this or other ordinance are prohibited from weighing or permitting to be weighed on such private scales, any loaded wagon or other vehicle, or any horse, mule, cattle, hogs, sheep or other animals, unless the thing weighed is owned or to be purchased by the owner of the scales: Provided, that railroad companies and owners of stock yards are exempt from the provisions of this section so far as concerns the weighing of live stock, and of such grain, hay and other products as may be intended for their own use or immediate shipment.

"Sec. 8.   Penalty for not paying, etc.

"Sec. 9.   Prescribes fees, etc.

"Sec. 12.   *Penalty.*—Any person violating any of the provisions of this ordinance . . . shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than one nor more than one hundred dollars."

At the close of the case the trial court gave the following instruction: "That under the law and the evidence the verdict must be for defendant." And at the time of giving the same announced that it held, "that the city of Fulton could not require parties selling coal or other supplies to a State institution, though located within its corporate limits, to first have the same weighed on its public scales."

The coal sold by the defendant was for supplies to a State institution which is conducted under the control and management of the State. It is especially provided by statute that the board of managers of the institution shall purchase supplies for its use and consumption (Section 7708, Revised Statutes 1899). The

city of Fulton and the hospital for the insane are each under the control of the State and the functions of each are separately provided for. In the respect here considered, each is independent of the other, and we therefore can discover no reason, in the absence of statutory provisions, supporting the city in interfering with the hospital in the purchases which the statute authorizes it to make for itself. [Ky. Institution for the Blind v. Louisville, 97 S. W. 402.] That case arose over the city attempting to compel the institution to provide certain fire-escapes for its buildings, and we consider it to be in point in the present controversy. The Kentucky Court of Appeals among other things said that "The municipal government is but an agent of the State—not an independent body. It governs in the limited manner and territory that is expressly or by necessary implication granted to it by the State. It is competent for the State to retain to itself some part of the government even within the municipality, which it will exercise directly, or through the medium of other selected and more suitable instrumentalities. How can the city have ever a superior authority to the State over the latter's own property, or in its control and management? From the nature of things it cannot have."

Another reason we think justified the trial court in discharging the defendant. It will be borne in mind that this coal was weighed on the scales owned by the hospital. By reference to section seven of the ordinance as set out above it will be seen that persons owning their own scales may have commodities weighed thereon which they purchase for themselves. As stated by defendant's counsel, this provision would be meaningless if the seller were prohibited, in such cases, from selling by the weight of such scales. It is therefore our conclusion, that the ordinance in question, by its own terms, does not apply to a sale where the commodity

sold is weighed on the purchaser's own scales, with his approbation.

And why should an ordinance apply to such a sale? Such ordinances, unless designed and authorized by the charter for taxing purposes, are police regulations. [City of Lamar v. Weidman, 57 Mo. App. 513; City of St. Charles v. Elsner, 155 Mo. 671.] And they are ordained for the benefit of the purchaser to protect him from false weights. [Coal Co. v. St. Louis, 130 Mo. 323.] When his own scales are used and the seller is satisfied, the public should rest content.

The judgment is affirmed. All concur.