CITY OF MILLARD, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS, V. CITY OF OMAHA, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.
CITY OF MILLARD, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS, V. CITY OF OMAHA, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

177 N. W. 2d 576

Filed June 5, 1970. Nos. 37430, 37431.

Stephen T. McGill and Lyle E. Strom of Fitzgerald, Brown, Leahy, McGill & Strom, for appellants.

Herbert M. Fitle, Seymour L. Smith, and Clarence A. H. Meyer, Attorney General, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ., and RONIN, District Judge.

NEWTON, J.

In this action the city of Millard, Nebraska, a city of the first class, challenges proceedings for its annexation by the city of Omaha, Nebraska, a city of the metropolitan class. Omaha has a home rule charter and Millard was in the process of adopting such a charter when annexation proceedings were completed. The district court ruled the annexation was valid. We affirm the judgment of the trial court.

Four principal questions are presented. First, does the Constitution of Nebraska prohibit the annexation of a city having, or in the process of adopting, a home rule charter, without a vote of its citizens approving the annexation? Second, does the annexation of Millard, without the consent of its residents, deny to them the equal protection of the law? Third, is such action a denial of due process of law? Fourth, is it unreasonable in the present instance?

Article XI, section 2, of the Constitution of Nebraska, provides: "Any city having a population of more than five thousand (5,000) inhabitants may frame a charter for its own government, consistent with and subject to the constitution and laws of this state * * *." Article XI, section 4, provides in part: "No charter or charter amendment adopted under the provisions of this amendment shall be amended or repealed except by electoral vote." Section 14-117, R. R. S. 1943, provides: "The corporate limits of any city of the metropolitan class shall be fixed and determined by the council of such city by ordinance. The city council of any metropolitan

city may at any time extend the corporate limits of such city over any lands, lots, tracts, street or highway, such distance as may be deemed proper in any direction, and may include, annex, merge or consolidate with such metropolitan city, by such extension of its limits, any adjoining city of the first class having less than 10,000 population or any adjoining city of the second class or village; * * *."

It is asserted that the constitutional provision prohibiting repeal of a home rule charter, except by electoral vote, prevents the setting aside of the charter by annexation proceedings. Such an assertion ignores not only the requirement that the charter must be "consistent with and subject to the constitution and laws of this state," but also the basic purpose and nature of a home rule charter. It is evident that on adoption of a home rule charter, the inhabitants of the city may amend or repeal it only by electoral vote. This does not mean that it may not be rendered nugatory by the exercise of state law dealing with other than strictly municipal concerns. In Consumers Coal Co. v. City of Lincoln, 109 Neb. 51, 189 N. W. 643, it is said: " 'I am thoroughly persuaded that it never was within the contemplation of the framers of our system of government, or of our Constitution, that any city, whether organized under the general laws of this state, or under the provisions of the Constitution which allow cities to frame their own charter, to confer upon cities anything more than a *police power, and a strictly municipal power*. And that the power to enact all laws of civil conduct, and to prescribe all civil remedies among citizens, in short, to enact laws as distinguished from municipal regulations, is expressly reserved to the legislature of this state, and cannot be delegated by it.' "

In Axberg v. City of Lincoln, 141 Neb. 55, 2 N. W. 2d 613, 141 A. L. R. 894, the court stated: "The purpose of the home rule charter provision of the Constitution was to render the cities adopting such charter provisions as

nearly independent of state legislation as was possible. Under it a city may provide for the exercise of every power connected with the proper and efficient government of the municipality where the legislature has not entered the field. Where the legislature has enacted a law affecting municipal affairs, but which is also of state concern, the law takes precedence over any municipal action taken under the home rule charter. But where the legislative act deals with a strictly local municipal concern, it can have no application to a city which has adopted a home rule charter. Whether or not an act of the legislature pertains to a matter of local or state-wide concern becomes a question for the courts when a conflict of authority arises." It was there held that a statute exempting first class cities with home rule charters from the payment of firemen's pensions required of other first class cities was unconstitutional and void as local and special legislation and as lacking in uniformity as to class.

In Omaha Parking Authority v. City of Omaha, 163 Neb. 97, 77 N. W. 2d 862, it was held that the alleviation of congested streets and highways in a city of the metropolitan class by subway and off-street parking is a matter of state concern and not a matter of exclusive local concern. The court stated: "The constitutional limitation that a home rule charter must be consistent with and subject to the laws of the state means that on matters of state-wide concern to the people of the state involving a public need or policy, the charter must yield to state law."

The constitutional limitation on the powers of a city acting under a home rule charter has been consistently construed by this court. The charter powers are effective only as to matters of purely municipal concern and are ineffective as to matters of concern to others or to the state generally. No other logical construction can be given to Article XI, of the Constitution of Nebraska, if it is not to conflict with other constitutional provisions

and principles such as those guaranteeing equal rights and due process of law, and prohibiting special or local laws. The determination by the city of Omaha to annex or not to annex outlying property is a purely municipal concern, but this is not true of the annexation process which necessarily affects property outside the municipality and persons who are not inhabitants of the city. The protection of such persons and property is a matter of state concern and in fulfillment of its duties in this respect, the state must fix the rules and regulations pertaining to annexation procedures. " 'Municipal corporations are purely entities of legislative creation. They do not exist independent of some action of the legislative department of government bringing them into being. All the powers which they can possess are derived from the creator. Unlike natural persons they can exercise no power except such as has been expressly delegated to them, or such as may be inferred from some express delegated power essential to give effect to that power.' " Metropolitan Utilities Dist. v. City of Omaha, 171 Neb. 609, 107 N. W. 2d 397.

Municipal corporations are legislative creations and as such, subject to dissolution by legislative action. See Burger v. City of Beatrice, 181 Neb. 213, 147 N. W. 2d 784. The adoption of a home rule charter does not alter or diminish this basic power of control vested in the Legislature with the exception that such municipalities are placed in control of strictly municipal affairs. The amendment or repeal of a city charter is a municipal matter and can constitutionally be accomplished only by electoral vote of the inhabitants. The dissolution of the corporation is a matter of state, as distinguished from purely local municipal, interest. The fact that such dissolution is necessarily accompanied by the setting aside of a home rule charter does not change the situation. The life of the city is not guaranteed or insured unless and until it is terminated by constitutional amendment. To hold that the life of a city of the first class

without a home rule charter may be terminated by annexation, but that one having a home rule charter could not be so dissolved would violate Article III, section 18, of the Constitution of Nebraska, forbidding local or special legislation and the Fourteenth Amendment to the Constitution of the United States which provides in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." See, also, Axberg v. City of Lincoln, *supra*.

Questions pertaining to a denial of the equal protection of the law and of due process of law are in some measure dealt with above. As pointed out, the annexation laws deal on an equal basis with first class cities whether or not they have home rule charters and the laws controlling the annexation of one city by another are simply an exercise of the plenary powers vested in the Legislature over municipal corporations. In Campbell v. City of Lincoln, 182 Neb. 459, 155 N. W. 2d 444, this court quoted, with approval, the following statement from Hunter v. City of Pittsburgh, 207 U. S. 161, 28 S. Ct. 40, 52 L. Ed. 151: " 'Municipal corporations are political subdivisions of the State, created as convenient agencies for exercising such of the governmental powers of the State as may be entrusted to them. For the purpose of executing these powers properly and efficiently they usually are given the power to acquire, hold, and manage personal and real property. The number, nature and duration of the powers conferred upon these corporations and the territory over which they shall be exercised rests in the absolute discretion of the State. Neither their charters, nor any law conferring governmental powers, or vesting in them property to be used for governmental purposes, or authorizing them to hold or manage such property, or exempt-

ing them from taxation upon it, constitutes a contract with the State within the meaning of the Federal Constitution. The State, therefore, at its pleasure may modify or withdraw all such powers, may take without compensation such property, hold it itself, or vest it in other agencies, expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the State is supreme, and its legislative body, conforming its action to the state constitution, may do as it will, unrestrained by any provision of the Constitution of the United States.' " This language was reaffirmed in Sailors v. Board of Education, 387 U. S. 105, 87 S. Ct. 1549, 18 L. Ed. 2d 650.

We are not convinced that the annexation under consideration is an unreasonable one. The Legislature has clearly defined limits restricting the power of annexation. It does not appear to be seriously contended that any of these statutory limitations have been violated and under such circumstances, the contention of unreasonableness is devoid of merit.

The judgment of the district court is affirmed.

AFFIRMED.