REQUESTED BY: Dear Senator:
On January 26, 1977, you requested the opinion of this office concerning the constitutional validity of L.B. 36, which allows the merger of municipal and county governments in a county containing a city of the primary class. In our opinion, L.B. 36 is constitutionally questionable.
L.B. 36 allows the merger of the county and the primary class city into a single municipal government which shall perform all, or substantially all, of the governmental and corporate functions previously performed by the county and municipality. Such would appear to implicitly dissolve the governments of both the county and the municipality.
As a general principal, both municipal corporations (cities) and quasi-municipal corporations (counties) are creatures of the Legislature and as such are subject to the plenary power of the Legislature, subject only to restrictions contained in the Constitution. The Nebraska Supreme Court, in City of Milford v. City of Omaha, 185 Neb. 617,177 N.W.2d 576 (1970), held that the Legislature may provide for the dissolution of a municipal corporation even though the municipal corporation had adopted a home rule charter. It therefore appears clear that the Legislature may provide for the dissolution of the primary class city. A question arises, however, whether the same is true concerning the dissolution of the county.
Counties appear to enjoy a somewhat unique position in the State of Nebraska. The Nebraska Supreme Court early recognized this in State ex rel. Hart v. Morehead, 99 Neb. 527,156 N.W. 1067 (1916). In that case, the Court recognized that county governments are local in their nature and that the Constitution protects them in their right of local self-government, citing the predecessor of Article IX, Section 4. The court stated that when the Constitution of 1875 was adopted county government had been given the right to legislate upon certain local matters; such a condition was assumed in the Constitution. That same analysis would apply today since, like then, the Constitution appears to assume the existence of a county government. The Constitution, in Article IX, protects the territorial integrity of all counties and compels the Legislature to provide for the election of such county officers as may be necessary; Article VIII, Section 5 places a taxing limitation on county authority; and throughout the Constitution, reference is made to counties in miscellaneous provisions. In Dwyer v. Omaha-DouglasPublic Building Commission, 188 Neb. 30,195 N.W.2d 236 (1972), the Supreme Court in dicta stressed this unique character of county government and stated that the Legislature probably lacks the power to dissolve the county. The court stated as follows beginning on page 43:
 "It does appear that counties as subdivisions of government did and do occupy a unique place in the eyes of the drafters and the people, the ratifiers, of the Constitution. See Article XI. It would appear the Legislature probably cannot substantially destroy the counties by removing all or substantially all of their functions while merely respecting their territorial integrity as required by Article IX. . . ."
L.B. 36 does `substantially destroy the counties by removing all or substantially all of their functions,' or at least it authorizes the same to be done by authorizing the functions of the county to be performed by the new consolidated government. It certainly seems apparent that the Legislature cannot delegate the decision to dissolve county governments if it cannot itself make that determination. For that reason, it is our opinion that L.B. 36 is of questionable constitutionality.
In addition to the constitutional question pointed out above, other constitutional questions may arise depending upon the content of the charter which would be drafted for the single municipal government. For example, a potential problem could be raised by Article IX, Section 4, if a `necessary' county officer were appointed rather than elected. See, State ex rel. O'Connor v. Tusa, 130 Neb. 528,265 N.W. 524 (1936).
For the reasons stated above, it is our opinion that the constitutional validity of L.B. 36 is questionable.