REQUESTED BY: Dear Senator:
You ask `may a city provide for greater penalties than those prescribed by state law?' We understand that you want this information for the purpose of reviewing LB 38. Article XI, Section 2, of the Constitution provides:
 "Any city having a population of more than five thousand (5,000) inhabitants may frame a charter for its own government, consistent with and subject to the constitution and laws of this state, . . ."
Under this provision a number of cities have enacted such charters. A number of cases may be cited which state that ordinances under a home rule charter must be consistent with and subject to the Constitution and laws of the state. See, City of Millard v. City of Omaha, 185 Neb. 617,177 N.W.2d 576. There are also a number of cases which provide that subjects of statewide concern are controlled by state law and not city ordinances or city charter. See, Dell v.City of Lincoln, 170 Neb. 176, 102 N.W.2d 62.
The precise question that you have posed has not been specifically answered by the Supreme Court of the State of Nebraska. Courts in other states have split on this issue, some holding that cities were entitled to enact ordinances which provided either greater or lesser penalties than provided by a similar state statute. Other cases have held that city ordinances must provide the same penalty as set forth in state statutes. A number of variations of this rule may be explored at great length. We do not believe that it is necessary for the purpose of answering the question you have posed.
There are two cases of significance in Nebraska regarding this issue. The first is Bailey v. State, 30 Neb. 856,47 N.W. 208, an 1890 case. In that case a challenge was made to a city ordinance which provided a fine of one hundred dollars and costs for selling spirituous liquors within the city. A state statute provided a fine of one hundred to five hundred dollars or imprisonment not to exceed one month in the county jail. The court pointed out that the Legislature had specifically authorized villages to pass ordinances prohibiting the selling or giving away of intoxicating liquors. The Legislature also had authorized cities to impose fines not exceeding one hundred dollars for such offenses. Similar provisions may be cited in the present statutes. As an example, section 15-263, R.R.S. 1943, a statute relating to cities of the primary class, provides that cities may pass certain types of ordinances and `[T]o enforce all ordinances by providing for imprisonment of those convicted of violations thereof at hard labor for a period not to exceed six months and to impose forfeitures, fines, and penalties not exceeding five hundred dollars for any one offense, . . .' The second case, Bodkin v. State,132 Neb. 535, 272 N.W. 547 (1937), also related to the liquor laws. The City of Lincoln passed an ordinance making it unlawful to sell or give alcoholic liquors to minors. The state statute provided that it was unlawful knowingly to sell or give alcohol liquors to minors. The court stated that this particular statute was not inconsistent with the state statute. They held:
 ". . . The words `consistent' and `inconsistent,' appearing in the Constitution or statutes under consideration, are used in a sense applicable to legislation. `Inconsistent' in that connection means contradictory in the sense of legislative provisions which cannot coexist, not mere lack of uniformity in detail. . . ."
Thus, it would appear that as a general rule city ordinances may be enacted only within the jurisdictional limits granted to the particular class of city passing the ordinance. In addition, the ordinance should be consistent in purpose with that enacted by the state statute. Where the state statute authorized a penalty in excess of the jurisdiction of the city, the city might be authorized to enact an ordinance with a lesser penalty. Where the state statute provided a minimum penalty, it is unclear whether the city might enact a statute with a greater penalty.
While it is a questionable area, based upon the majority rule of other jurisdictions, we believe that a city might constitutionally assess a greater penalty than that provided by state statute on the same subject. Certainly, the enacting body would have to give careful consideration to the exact circumstances with which they might be confronted, acknowledging the possibility that a challenge might well succeed.
Thus, with respect to your specific question, the cities may not enact ordinances which are inconsistent with state statutes nor may they exact penalties beyond their jurisdictional limits. In sum, we are only able to provide you with a general discussion of the area. Without a specific factual context, analysis in this area is very uncertain. The split in the states which have considered these questions make it clear that it is an area requiring particular facts before a particular position may be taken. Absent such facts, no hard and fast rule may be stated.