REQUESTED BY: Charles Benson, Director, Nebraska Department of Correctional Services.
When the State of Nebraska constructs a building on state property which lies within the limits of a municipality, must the state comply with the building codes and regulations established by the municipality?
No, unless the state chooses to waive its right to regulate its own property.
In your letter requesting the opinion of this office, you stated that the engineering division of the Department of Correctional Services had encountered city inspectors in Omaha who contended that contractors constructing the Omaha Correctional Center must comply with Omaha municipal building codes and regulations. The resulting controversy over such compliance prompted your opinion request to this office.
Our review of pertinent Nebraska Law indicates that our Supreme Court has not considered the question which you raised in your letter. However, the general rule in regard to this matter appears to be that `property of the state is exempt from municipal regulation in the absence of waiver on the part of the state of its right to regulate its own property; and such waiver will not be presumed.' 62 C.J.S. MunicipalCorporations, § 157. This general rule is amply supported by decisions from courts in other states which have held that state buildings on state property are not subject to local municipal building codes. See, KentuckyInstitution for the Blind v. City of Louisville, 123 Ky. 767, 97 S.W. 402 (1906); City of Milwaukee v. McGregor,140 Wis. 35, 121 N.W. 642 (1909); Davidson County v.Harmon, 200 Tenn. 575, 292 S.W.2d 777 (1956); Board of Regentsv. City of Tempe, 88 Ariz. 299, 356 P.2d 339 (1960);City of Houston v. Houston Independent School District,436 S.W.2d 568 (Tex.Civ.App. 1968); Palus v. City of St.Louis, 446 S.W.2d 144 (Mo.Ct.App. 1969). In addition, we previously noted the applicability of this general rule in a 1965 opinion of this office in which we stated that buildings upon the state fair grounds would not be subject to the municipal building codes of the City of Lincoln. Reportof the Attorney General, 1965-1966, No. 70 at page 108.
While the Nebraska Supreme Court has not dealt directly with the issue in question, it is well established that powers conferred upon a home rule charter city such as Omaha are effective only as to matters of purely municipal or local concern. City of Millard v. City of Omaha, 185 Neb. 617,177 N.W.2d 576 (1970). Also, it is well established that a general law of state-wide concern takes precedence over any action taken by a home rule city under its charter.Dell v. City of Lincoln, 170 Neb. 176, 102 N.W.2d 62
(1960).
On the basis of these rules, it appears necessary in the present case to determine if the state has waived its right to regulate its own property and if the construction in question involves matters of state-wide or of local concern. We have reviewed the Nebraska statutes relating to the powers granted Nebraska cities of the metropolitan class, Neb.Rev.Stat. § 14-101, et seq. (Supp. 1981). Those statutes do not appear to contain any express waiver by the state of its authority to regulate its own property and buildings. In addition, the Nebraska statutes relating to minimum standards for criminal detention facilities, Neb.Rev.Stat. §83-4,124, et seq. (Supp. 1981), provide that the state Jail Standards Board shall implement minimum standards for the construction of criminal detention facilities in Nebraska. Those statutes would seem to affirmatively indicate that the state has not waived its right to regulate the construction of its criminal facilities within the state. It also appears to us that the construction of new state criminal detention facilities would certainly be a matter of state-wide concern as opposed to a matter of purely municipal or local consideration.
Therefore, on the basis of the authority cited above, it is our opinion that a municipality may not impose its local building codes upon the state when the state constructs a building on state property within the limits of the municipality unless the state chooses to waive its right to regulate its own property. More particularly, in the factual situation which you have described, the City of Omaha may not impose its building codes upon the state when the state is in the process of constructing a corrections facility on state property.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Dale A. Comer Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General