## THE STATE v. VICKENS, Appellant.

### Division Two, January 31, 1905.

1. **FACTORY INSPECTION LAW: Police Regulation.** The Factory Inspection Law of 1901 (Laws 1901, pp. 197 and 198), is a police regulation for the protection of the lives, health and morals of employees in factories, and is clearly within the power of the Legislature to enact, and is a valid and constitutional act.

2. **———: Inspector: Ministerial Duties.** The act does not vest judicial or legislative powers in the factory inspector, but his duties are purely ministerial, involving only that discretion which every ministerial officer must exercise.

3. **———: No Discrimination.** Nor does the act discriminate between manufacturers in cities and those in the country. By its terms it applies to all factories in the State, without exception or distinction.

4. **———: Inspection Fee.** The Factory Inspection Law of 1901 being a police regulation, the State has the right to exact and demand an inspection fee for the inspection and certificate of inspection required by the act. Such fee is not a tax upon property. And the fee of one dollar, required by this act, is manifestly reasonable.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Hiram Moore,* Judge.

AFFIRMED.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) The Factory Inspection Law is general in its character and applies to all factories throughout the State. (2) The act was passed as a police regulation, for the protection of the lives, health and morals of the people. The wholesome regulations of the police power of the State so necessary in cases of this kind

are so apparent that direct reference to any particular condition is unnecessary. All property is held subject to a proper exercise and control of the police power of the State. Westport v. Mulholland, 159 Mo. 86; State v. Whittaker, 150 Mo. 69; State v. Layton, 160 Mo. 474; State ex rel. v. Ashbrook, 154 Mo. 375; State v. Thompson, 160 Mo. 333; State v. McCann, 157 Mo. 301; State v. Bixman, 162 Mo. 1; Ex parte Lucas, 160 Mo. 218; State ex rel. v. Ins. Co., 152 Mo. 1; Karnes v. Ins. Co., 144 Mo. 1; Morrison v. Morey, 146 Mo. 543. (3) As a police regulation the State has a right to demand, charge, exact and receive an inspection fee for the inspection, sufficient at least to meet the expenses of the department necessary for the supervision of the subject-matter. It has never been held that the inspection fee, pure and simple, is a tax on property; in fact, the right of the State to exercise its police power in a certain direction or in a certain way imputes to it the privilege of exacting a fee for the purpose of defraying the expenses incurred by it on account of such police regulation or supervision. Cooley on Taxation, 586; State v. Albrecht, 34 Am. St. 737; State v. Frame, 39 Ohio St. 414; State ex rel. v. Hudson, 78 Mo. 303; St. Charles v. Elsner, 155 Mo. 671; Patapsco v. Board of Agriculture, 171 U. S. 345; Willis v. Standard Oil Co., 50 Minn. 290.

GANTT, J.—At the March term, 1903, the assistant prosecuting attorney of the St. Louis court of criminal correction filed an information on behalf of the State wherein he charged the defendant Vickens as the proprietor and person in charge of the premises and establishment of the St. Louis Woodworking Company, a business concern in the city of St. Louis, whose place of business it was the duty of the State factory inspector of the State of Missouri to examine and inspect, with willfully and unlawfully refusing to pay the inspection fee of one dollar for an inspection of

said St. Louis Woodworking Company then and there made, upon lawful demand therefor by said inspector as required by the laws of this State.

After numerous continuances, the defendant on June 15, 1903, demurred to the information on the ground, principally, that the act upon which the prosecution was bottomed was unconstitutional. The demurrer was overruled, the defendant pleaded not guilty and was tried and convicted and his punishment assessed at $25.

He filed his motions for new trial and in arrest in due season, again asserting the unconstitutionality of the act, which motions were overruled, and he appealed to this court. The bill of exceptions was filed September 24, 1903, but this appeal was not docketed for trial until August 10, 1904. The defendant is not represented in this court by counsel, though the cause was continued at the October call to permit counsel for defendant to prepare and file a brief herein.

I.  This prosecution is based upon an alleged violation of the Factory Inspection Law of 1901, approved April 17, 1901. [Laws 1901, pp. 197 and 198.]

By said act it is provided the Governor shall appoint a State factory inspector, who was authorized to appoint from time to time seven assistants and to divide the State into districts and assign one inspector to each district and each inspector was required to make two inspections each year of all factories, and for each inspection such inspector was required to collect one dollar as an inspection fee, and all such fees were required to be paid into the State treasury. The failure to pay the fee for the inspection made May 6, 1902, is the ground of this prosecution. The information, though somewhat inartistically drawn, follows the statute, and is sufficient.

The objections to the law are that it "violates sections 3 and 4 of article 10 of the Missouri Constitution, in that it imposes a burden of taxation for the maintain-

ing of the inspection department upon one class of citizens, and discriminates against said class.

"Second. That they provide for the taking of money and liberty from manufacturers without due process of law, and deny to them the equal protection of the laws.

"Third. That they vest judicial powers in the factory inspector.

"Fourth. That they are a delegation of legislative power to the factory inspector.

"Fifth. That they discriminate against city manufacturers, and place greater burdens upon them than upon country manufacturers.

"Sixth. That they are in violation of the fourteenth amendment to the Constitution of the United States, in that they deprive defendant of his liberty without due process of law and deny him the equal protection of the law."

The first, second and sixth objections to the law may be grouped under one head. The answer to each and all of them is that this is a police regulation for the protection of the lives, health and morals of the employees in factories, and is clearly within the power of the Legislature to enact. Such being the obvious purpose and scope of the enactment, there can be no doubt of its constitutionality and validity, so far as these objections to it go. [State v. Whitaker, 160 Mo. 59; State v. Layton, 160 Mo. 474.]

II. The third and fourth objections to the act, to-wit, that the act vests judicial and legislative powers in the factory inspector, are clearly without merit. The act provides for the appointment of the inspectors and makes it their duty to inspect all factories and requires them to give the proprietors a certificate of the result of such inspection.

Their duties are ministerial, involving only that discretion which every ministerial officer must exercise in the discharge of his duties, and are in no sense judi-

cial or legislative as those terms are understood in our system of laws.

III.     The fifth assignment is equally groundless. There is no discrimination in the act between the burdens imposed upon manufacturers in cities not imposed upon those in the country.     By its terms it applies to all factories in the State without exception or distinction.     [State v. Thomas, 138 Mo. 100; State v. Thompson, 160 Mo. 333; State ex inf. v. Washburn, 167 Mo. 680.]

IV.     As a police regulation the State has the unquestioned right to exact and demand an inspection fee for the inspection and certificate of inspection required by the act.     It has never been ruled that an inspection fee pure and simple is a tax upon property.     [Cooley on Taxation, 586; State ex rel. v. Hudson, 78 Mo. 302; St. Charles v. Elsner, 155 Mo. 671; Patapsco Guano Co. v. Board of Agriculture, 171 U. S. 345; Willis v. Standard Oil Co., 50 Minn. 290.]

The inspection fee of one dollar for the inspection and certificate is so manifestly reasonable that it is clear that it is not objectionable on that ground.

The very mention of an inspection law suggests the exercise of police power by the State and the requirement that the persons or things inspected shall pay for it.     The fact that the manufacturers are required to pay the inspection fee provided by this act in no manner infringes any constitutional right of the defendant. The court of criminal correction committed no error in so holding, and its judgment is affirmed.

All concur.