THE STATE ex inf. MAYFIELD, Prosecuting Attorney, ex rel. D. M. COOK et al., v. A. L. DOUGAN et al., Appellants.

Division Two, October 10, 1924.

1. **SPECIAL ROAD DISTRICT:** Incorporation: Jurisdiction. When a sufficient petition is filed and a proper notice is given, the county court is invested with jurisdiction to incorporate a special road district authorized by Article VIII of Chapter 98, Revised Statutes 1919, and is authorized to proceed to hear and determine remonstrances, to change the boundaries so as to exclude certain land for the reasons mentioned in the statute, to ascertain whether, after the boundaries have been so changed, the petition is signed by the owners of a majority of the acres in the district, and to proceed to incorporate the district.

2. ———: ———: **Fraud.** A charge of fraud in the procurement of an order of the county court incorporating a special road district must be clear and distinct. A charge that the court counted the signatures of persons on the petition who afterwards signed and filed a remonstrance, and knew from its own information and calculation that the petition was not then signed and in writing consented to by the owners of the majority of the acres embraced in the district as incorporated, states only an error of law or fact, and hence

384     SUPREME COURT OF MISSOURI,

State ex inf. Mayfield ex rel. Cook v. Dougan.

the record of the court reciting findings authorizing the incorporation is conclusive.

3. ————: ————: **Error: Judicial Act: Quo Warranto.** If the county court erred in calculating the number of acres owned by the signers of a petition for the organization of a special road district, or erred in failing or refusing to exclude from the signatures on the petition the names of persons who afterwards signed a filed remonstrance, its act was error, and being judicial, its judgment incorporating the district and reciting every necessary fact required by the statute as a condition for incorporation cannot be reviewed by *quo warranto*, which is a direct attack upon the sufficiency of the record, and is not available either as a writ of correction or review, or as a substitute for an appeal.

4. ————: ————: **Sufficient Record: Remonstrance: No Amended Petition.** Where the sufficiency of the petition, notice and the recitals of the judgment of the county court incorporating a special road district are all sufficient to meet the requirements of the statute, its judgment cannot be nullified by *quo warranto*. And a record is not ·insufficient which shows that a remonstrance was filed against the formation of the district with "the boundaries as set forth in the petition"; that the remonstrance was sustained in part and overruled in part; that the boundaries were accordingly changed so as to exclude a certain tract for the reason that "the public good requires and makes necessary a change in the boundary lines"; that the petition, after excluding such tract, is signed by the owners of a majority of the acres, and that the district, with the altered boundaries, is incorporated as a special road district, without the filing of an amended petition.

Headnotes 1, 2 and 4: Highways, 29 C. J. par. 272. Headnote 3: Quo Warranto, 32 Cyc, 1425.

Appeal from Howell Circuit Court.—*Hon. E. P. Dorris, Judge.*

Reversed.

*W. I. Mayfield* and *John T. Sturgis* for appellants.

(1) This is a proceeding in *quo warranto,* and everything is eliminated except the validity of the incorporation of the special road district by the county court. This proceeding is an attack on the validity of the proceedings

and orders of the county court incorporating this road district. This can be tried only on the records of the county court and not by oral or extrinsic evidence. The county court is a court of record and speaks by its records only. Its proceedings can be shown only by its records. (2) It is not competent to supplement, vary, contradict, explain, modify, add to, or take from the records of that court. This is true in a proceeding by *quo warranto* or *certiorari*, or even in an equity suit, all of which are direct attacks on the proceedings in question. Milam v. Pemberton, 12 Mo. 598; Medlin v. Platte County, 8 Mo. 235; Dennison v. County of St. Louis, 33 Mo. 168; Maupin v. Franklin County, 67 Mo. 327. (a) This rule of law applies especially to proceedings which are judicial in their nature rather than mere ministerial acts. The incorporation of a special road district under the statute in question is a judicial proceeding. State ex inf. McAllister v. Drain. Dist., 290 Mo. 62; State ex rel. v. Colbert, 273 Mo. 213. Judicial acts must be proven solely by the records. State ex inf. Crow v. Fleming, 158 Mo. 558; State v. Evans, 83 Mo. 319; State ex rel. v. Gooch, 175 Mo. App. 270. (b) Where a statute vests in an inferior tribunal the duty and power to determine certain essential or jurisdictional facts, the finding of such tribunal as to such facts is final and conclusive, except on an appeal. State ex rel. v. Farrington, 195 S. W. 1046; State ex rel. v. Thornhill, 174 Mo. App. 469; Kochitsky v. Herbst, 160 Mo. App. 443; Lingo v. Burford, 112 Mo. 149, 155. (c) *Quo warranto,* like *certiorari,* is a direct attack on the proceedings and judgment of the county court or other such tribunal, but it only attacks the sufficiency of the record as showing jurisdiction, and is not a trial *de novo* of essential or jurisdictional facts. Errors of fact or law committed in the course of the procedure in the inferior tribunal cannot be inquired into or corrected by such writs. *Quo warranto* is not a writ of correction or review. State ex rel. v. Fox River Drain. Dist., 238 S. W. 449; Chicago Ry. Co. v. Young, 96 Mo. 39; State ex rel. Rose v. Job, 205

386     SUPREME COURT OF MISSOURI,

State ex inf. Mayfield ex rel. Cook v. Dougan.

Mo. 1; State ex rel. v. Drain. Dist., 290 Mo. 128; State ex rel. v. Albany Drain. Dist., 290 Mo. 62. (3) No extrinsic or oral evidence being competent to overthrow or affect the action of the county court or other such tribunal when acting in a matter judicial in its nature, it follows that, where the court has acquired jurisdiction, the findings of such court and its judgment of incorporation or other like action is final and conclusive. Whether or not the county court had jurisdiction must be determined solely by its records, and its recited findings of jurisdictional facts are as conclusive as of any other facts. · State ex rel. v. Drain. Dist., 290 Mo. 62; State ex rel. v. Russell, 131 Mo. App. 638; State ex rel. v. Colbert, 273 Mo. 198; Fitzgerald v. Special Road Dist., 195 S. W. 697; State ex inf. Crow v. Fleming, 158 Mo. 558. (4) In State ex rel. v. Colbert, 273 Mo. 198, this court held that the county court, in establishing a road district, exceeded its jurisdiction when it changed the boundary lines and incorporated a district different from that prayed for in the petition without a new petition being filed. In that case no remonstrance was filed, as there was in the present case. This court confined its ruling to a case where no remonstrance was filed and held, in effect, that under the terms of the statute, where a remonstrance was on file and both sides were in court, the change of boundary could be made without a new petition. That is this case. State v. Harper, 265 S. W. 473.

*Winan Mayfield,* Prosecuting Attorney, *Curtis & Vandeventer* and *L. C. Mayfield* for respondents.

(1) *Quo warranto* is a direct attack upon, and is the appropriate direct proceeding by which to attack the validity of the order of the county court incorporating a special road district. State ex inf. v. Colbert, 273 Mo. 209. (2) One who signs a petition directed to a tribunal authorized by statute to act in a given instance, has a right, before the petition has been acted upon by said body, to

withdraw therefrom and after such withdrawal his name cannot be counted as a petitioner. City of Sedalia v. Montgomery, 227 Mo. 1, 109 Mo. App. 197; Dagley v. McIndoe, 190 Mo. App. 166; Perkins v. Henderson, 68 Miss. 631; People v. Sawyer, 52 N. Y. 296; Hays v. Jones, 27 Ohio St. 218. (3) Withdrawal from a petition may be made by signing a remonstrance against the same or by any other unmistakable sign which signifies that the person signing the petition has changed his purpose. Hay v. Jones, 27 Ohio St. 218; Dagley v. McIndoe, 190 Mo. App. 172. (4) The withdrawal of a sufficient number of petitioners from a petition to reduce the petition below the standard required by the statute, before the petition is acted upon, deprives the court of its jurisdiction and it cannot legally proceed further in the matter. Dagley v. McIndoe, 190 Mo. App. 166. (5) The finding of the jurisdictional fact by the county court and the recitals of the judgment of the court as to this fact, in this case amount to a fraud. Under the undisputed evidence the court knew that its finding that the petition was at the time of the judgment of the court signed by the owners of the majority of the acres of land in the district being formed was not true in fact, or if they did not know such to be untrue, they had before them, as a part of the record evidence, documents showing said finding to be untrue, and under such circumstances the finding was a legal fraud. State ex rel. v. Woods, 233 Mo. 357; Mullins v. Reiger, 169 Mo. 533. (6) The doctrine of absolute verity of the record does not apply where the want of jurisdiction of the court making the record sought to be annulled is the very question put in issue. Mullins v. Reiger, 169 Mo. 532. (7) A distinction is to be observed between those cases having under consideration a false recital of a jurisdictional fact in a judgment of record, and those where there was erroneous or false adjudication of a fact or facts brought forward in the case. An erroneous adjudication of a fact by a court of general jurisdiction is conclusively true. But a false recital in the judgment of a

jurisdictional fact is not. Mullins v. Reiger, 169 Mo. 521; State ex inf. Killam v. Colbert, 273 Mo. 208. (8) The remonstrance filed by the objectors to the petition was a part of the record in this cause. Where the judgment recites its jurisdiction, yet the record or roll disputes the recital in the judgment, the recitals of jurisdiction must give way to the facts as established by the roll or record. Here, although the judgment recites that the petition was signed by the owners of a majority of the acres of land in the district proposed to be established, yet the petition and remonstrance when compared with each other conclusively show that enough of the petitioners have withdrawn from the petition to reduce the acreage represented by those remaining on the petition below a majority of the acres in the district. Hence the recitals in the judgment are false and untrue and must yield to the facts as disclosed by the record. Cloud v. Pierce City, 86 Mo. 357; Silvey v. Silvey, 192 Mo. App. 179; Kunzi v. Hickman, 243 Mo. 103; Levy Dist. v. Securities Co., 268 Mo. 663; William v. Grudier, 264 Mo. 216; Norton v. Reed, 253 Mo. 251; Wells v. Wells, 279 Mo. 67; Orchard v. Land Co., 269 Mo. 652. (9) A proceeding in *quo warranto* may attack a judgment on the ground of fraud. When such is done it partakes of the nature of a suit in equity and is of course a direct attack upon the judgment. In suits in equity to set aside a judgment on the ground of fraud, it is held that any evidence tending to show that the petition was not signed by the requisite number of petitioners, and that the court had knowledge thereof, is admissible, and if it be established that the court made false recitals of jurisdictional facts, the judgment may be set aside on the grounds of fraud. And it is further held that by the terms "fraud" and "corruption," used in connection with the acts of the court, is not meant criminality, or even moral turpitude, or that the officer doing the act profited thereby, but if the act done amounted in law to a fraud, then the judgment cannot stand. Burkhart v. Stephens, 117 Mo. App. 434; State ex rel. v. Woods, 233 Mo. 357.

HIGBEE, C.—This is a proceeding in *quo warranto* instituted in the Circuit Court of Laclede County, against the appellants as commissioners of the Southard-Drew Special Road District, challenging the validity of an order of the County Court of Laclede County incorporating said district. A change of venue was awarded to Howell County, where, on trial on December 17, 1923, it was adjudged "that the order incorporating said district was and is void and of no effect, and that the defendants are not entitled to the offices of commissioners of said claimed special road district," and they were accordingly ousted. From this judgment the defendants appealed.

It is conceded that the petition filed in the County Court of Laclede County for the incorporation of the district and the notice complied in every detail with the requirements of Section 10834, Revised Statutes 1919, under which the proceeding was had. A remonstrance was filed, stating the objections to the formation of the proposed district, in substance as follows: 1. It is not a public necessity. 2. It is not for the best interest of roads in that section of the county. 3. The boundaries as set forth in the petition would leave land near and adjacent to it without funds to build and maintain roads on the land left out of said district. 4. It would destroy road districts 4 and 5 already formed and leave them without roads and without funds to build and maintain them. 5. The land in said district will not be benefited by its formation in an amount approximating the probable burdens imposed by the formation thereof.

It is charged in the information that among those who signed the remonstrance were numerous owners of land in the proposed district who, through misrepresentations, had been induced to sign the petition; that they in due time filed said remonstrance before action was taken on the petition and requested the county court not to consider their names and to take them off the petition, and protested against the formation of said district; that said court, without any investigation of the facts stated

in said petition, and without hearing any testimony thereon, made and entered an order finding that the petition was signed by the owners of the majority of the acres of land within the territory sought to be incorporated; that the petition should have been considered without the signatures of those who afterwards signed the remonstrance and requested that their names be taken off, and that after the number of acres of land owned by said remonstrants had been deducted said petition failed to be signed by the owners of the majority of the acres of land within said territory, and the county court had no jurisdiction to consider said petition because of said fact; that the members of the said county court, at the time they made said judgment and order incorporating said road district, knew from the records before them and by their own information and calculation that the petition then before them was not signed and in writing consented to by the owners of the majority of acres of land in said territory, and knew that their said judgment was in this respect false and untrue and not warranted by the facts before them; that by reason of the foregoing facts, relators say that the judgment of the county court finding that said petition was signed by the owners of the majority of the acres of land within the said territory, was, within the meaning of the law, *concocted* in fraud and should therefore be adjudged void and of no effect. Here follow allegations that the annual election of the commissioners was fraudulently conducted, but that charge was abandoned at the trial.

The answer or return pleads at length the proceedings in the county court; that the petitioners and remonstrants appeared and, having arrived at a mutual understanding, recommended to the court the exclusion of a certain one hundred and eighty acres therefrom of the land of one of the remonstrants and change of boundaries accordingly, and the appointment of two of the remonstrants, Johnson and Munson, as commissioners until the ensuing annual election; that after due consideration, the

order was accordingly so made and commissioners were appointed and qualified.

The order incorporating the special road district recites the filing of the petition, signed by the owners of 18,884 acres of the 31,680 acres embraced in the proposed district, the giving of notice, and then proceeds:

"And it appearing to the court that the public good requires and makes necessary a change in the boundary lines, as proposed in said petition so as to exclude from said proposed district (here is described a tract of one hundred and eighty acres) so that the description of the boundaries of said district shall be as hereinafter set out, and after excluding the said one hundred and eighty acres because the public good requires and makes the same necessary, the court doth find that the aforesaid petition is signed in writing by the owners of a majority of all the acres of land within the district as so changed; that after excluding the aforesaid one hundred and eighty acres of land, there remain 31,500 acres, and the court doth find that the petition is signed by the owners of 18,884 acres.

"The court further finds that a remonstrance to the formation of said proposed district has been duly filed, and after taking up and considering the same all remonstrance to the formation thereof is hereby overruled.

"It is therefore duly considered, ordered, and adjudged that after the change in the boundaries of said proposed district by excluding the one hundred and eighty acres aforesaid, that such petition is signed by the owners of a majority of all the acres of land, within the district as so changed, and the court doth further and hereby make an order incorporating the said special road district as 'Southard-Drew Special Road District, Laclede County,' and that the boundaries of such district as established hereby shall be as follows (boundaries omitted)."

Then follows an order appointing three commissioners as required by Section 10835, Revised Statutes 1919, two of whom had signed the remonstrance.

Over the objection of the appellants that the record of the county court speaks for itself and is the best and only evidence of its action in the premises, relators offered evidence by Frank Hill, Clerk of the County Court, tending to prove that Mr. L. C. Mayfield, attorney for the remonstrants, asked the court not to consider those who signed the petition and afterwards signed the remonstrance. Witness continued: I suppose there was an agreement reached as to who should be appointed commissioners; that is the way I understood it. Johnson and Munson, two of the remonstrants, were appointed. I did not hear them come to an agreement as to leaving out certain land, nor as to who would be appointed commissioners. The land left out was a part of Tom Johnson's, who was not a petitioner. The acres in the petition were totaled; can't say as to the remonstrance, whether the number on the remonstrance was totaled, or whether it was the remonstrators who had signed the petition.

Other evidence of the same character was offered. Relators also read in evidence the petition for the formation of the district and the remonstrance.

For the appellants, J. W. Borrow, prosecuting attorney, testified: I was present when the matter was heard. Mr. Mayfield represented one side; Mr. Curry, the other. Mr. Mayfield had a map of the district; he marked out around Johnson's farm, and the proposition was that if that farm was taken out there would be no further objection. Judge Wilson asked if that was right and I believe Mr. Mayfield said yes. Two or three who were standing there answered yes and it was so understood and the order was made. I think they figured up to see how many acres were owned by those who signed the petition and afterward signed the remonstrance. I asked the court if they had enough acreage in it after they took those fellows out and they said they had. I think the clerk figured it up and gave that information to the court.

State ex inf. Mayfield ex rel. Cook v. Dougan.

A. W. Curry testified to the same effect. Some of the remonstrants who had signed the petition asked the county court to disregard their names on the remonstrance.

In rebuttal, L. C. Mayfield testified: I pointed out to the court the persons who signed the remonstrance and who had previously signed the petition. I was not present when the court made the order incorporating the district. I had no agreement with Mr. Curry or anybody else to withdraw the names of any remonstrators. Other witnesses corroborated Mr. Mayfield.

At the conclusion of the evidence, the court sustained a motion by the appellants to strike out the oral testimony offered at the trial of the case. Thereupon the relators tendered a demurrer as follows: "The court declares the law to be that, under the pleadings and the evidence in this case, the judgment must be for the relators and against the defendants, dissolving said road district and ousting the defendants from their claimed offices as commissioners of said road district." The court gave said declaration and the defendants excepted.

I. It appears from the foregoing that the petition, containing every necessary averment, was filed and notice given conforming in all respects to the requirements of Section 10834, Revised Statutes 1919, and that a remonstrance was also filed. The statute reads, in part:

"On the first day of said term of court, or as soon thereafter as its business will permit, the court shall hear such petition and remonstrance, and shall make any change in the boundaries of such proposed district as the public good may require and make necessary, and if after such changes are made it shall appear to the court that such petition is signed or in writing consented to by the owners of a majority of all the acres of land within the district as so changed, the court shall make an order incorporating such public road district and such

order shall set out the boundaries of such district as established. If no remonstrance shall have been filed, or all remonstrances filed are overruled by the court, the court shall determine whether such petition has been signed by the owners of a majority of the acres of land in the district, and if so, shall make an order incorporating the district with the boundaries given in the petition, or with such boundaries as may be set forth in an amended petition signed by the owners of a majority of the acres of land affected thereby.''

When the petition was filed and notice given, the county court was invested with jurisdiction to act in the premises as authorized by the statute. [Reeves v. Green, 282 Mo. 521, 531, 222 S. W. 795; State ex inf. McAllister v. Albany Drainage Dist., 290 Mo. 33, 62, 234 S. W. 339, and cases cited.]

II.    Relators do not charge fraud in the procurement of the order incorporating the district. Such a charge must be clear and distinct. The gravamen of the charge is that the court counted the signatures of persons on the petition who afterwards signed the remonstrance and knew from its own information and calculation that the petition was not then signed and in writing consented to by the owners of a majority of the acres of land in said territory. There is nothing in the record of the order of incorporation indicating the action of the court in this respect. If the court erred therein it was an error of law or fact. It is not charged that it was done fraudulently. In the absence of such charge, the record of the county court, reciting its findings authorizing the order of incorporation, is conclusive in a proceeding of this nature. [Fitzgerald v. DeSoto Special Road District, 195 S. W. (Mo.) 695, 697; State ex inf. Talbot v. Drainage Dist., 238 S. W. (Mo.) 446, 449.] If the court erred in its calculations, or in failing or refusing to exclude from the signatures to the petition the names of persons who afterwards signed the remonstrance, such action being judicial,

its error, if error was committed, in the rendition of the judgment, cannot be brought to this court for review by the writ of *quo warranto*. [State ex inf. McAllister v. Drainage Dist., supra, l. c. 62.] *Quo warranto,* like *certiorari,* is a direct attack upon the sufficiency of the record and is not available as a writ of correction or review, nor a substitute for an appeal. [State ex inf. Crow v. Fleming, 158 Mo. 558.]

III. The learned trial court, therefore, properly struck out all the oral evidence admitted over the objection of the appellants tending to prove either error of fact or law in the proceeding culminating in the order of incorporation. We say this was properly excluded, because there was not a tittle of evidence tending to prove fraud in the concoction of the judgment even if it had been properly charged. The case then stood solely upon the record of the county court incorporating the district. It is not suggested that there was any failure in the petition, notice or recitations of the judgment of the court to meet the requirements of the statute. No point is made on changing the boundaries of the district. In State ex inf. Killam v. Colbert, 273 Mo. 198, 201 S. W. 52, we held that the county court exceeded its jurisdiction in changing the boundary lines of a special road district, in the absence of a remonstrance, without the filing of an amended petition. But in the case under consideration there was a remonstrance against the formation of the district with "the boundaries as set forth in the petition." The court, with the petition and remonstrance before it, found that the public good required and made necessary a change in the boundary lines as proposed in the petition, and, as authorized by the statute, made a change therein and entered an order accordingly. It is apparent from reading the order that the court sustained the remonstrance in part, and overruled it in all other respects. That is what the court did and that is what the order means. In so doing the court was properly within the exercise of its

jurisdiction. [State ex inf. Hales v. Harper, 256 S. W. (Mo.) 469, 473.]

For the reasons indicated, the judgment is reversed. *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is hereby adopted as the opinion of the court. All of the judges concur.