STATE OF MISSOURI upon the information of M. RALPH WALSH, Prosecuting Attorney of St. Louis County, Informant, v. THOMAS H. THATCHER, Presiding Judge of the County Court of St. Louis County, and EUGENE TIGHE and WILLIAM LAUER, Associate Judges of the County Court of St. Louis County.—102 S. W. (2d) 937.

Court en Banc, March 24, 1937.

*M. Ralph Walsh* for relator; *Alfred H. Kerth* and *Herbert W. Ziercher* of counsel.

*George E. Heneghan* for respondents.

GANTT, J.—Original action in *quo warranto*. The case is submitted on information, return and motion for judgment.

(a) The information charges that the county judges of St. Louis County "usurped, intruded into and unlawfully executed and exercised their franchise of office" by entering orders approving an annual budget for 1937, submitted by the presiding judge as budget officer. It is argued that the judges, clerk, assessor, collector and treasurer, should have prepared the budget as provided in Section 7698, Revised Statutes 1929, rather than the presiding judge, as provided in Section 9 of the Budget Law (Laws 1933, p. 340).

(b) It further charges that the county judges "usurped, intruded into and unlawfully executed and exercised their franchise of office" by entering an order directing the issuance and sale of anticipation notes. It is argued that the total amount of said notes should have been limited to ten per cent per month of the anticipated revenue for the year as provided in Section 7695, rather than seventy-five per cent of the estimated revenues for the year, as provided in Section 17 of the Budget Law.

(c) It further charges that the county judges "usurped, intruded into and unlawfully executed and exercised their franchise of office" by an order fixing the indebtedness of the county for 1936 as a first charge on the revenues of 1937, and by pledging in said order the full faith, credit and revenues of the county for 1937 as security for the notes issued and sold to provide funds for the payment of said indebtedness. It is argued that Section 17 of the Budget Law, purporting to authorize said order, violates Section 12, Article IX of the Constitution, which provides that "No county . . . shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the consent of two-thirds of the voters."

I. Informant contends that the above-stated questions may be presented in *quo warranto*, citing State ex rel. Allen v. Dawson, 284 Mo. 427, 224 S. W. 824.

In that case we ruled that *quo warranto* was the remedy to determine the validity of a law authorizing the circuit judges of Buch-

anan County to fix the number and salaries of deputies in the offices of said county. The county judges contended that said law violated provisions of the Constitution, including Section 36, Article VI, authorizing county courts to transact all county business. In other words, they challenged the authority of the circuit judges to act in the matter. In the case at bar the authority of the county judges of St. Louis County to consider and rule the above-stated questions is not challenged. Informant only charges that said county business was not transacted in accordance with law. The words ''unlawfully execute any franchise'' as used in Section 1618, Revised Statutes 1929, mean acting without authority. They do not mean acting with authority but not in accordance with law. It follows that neither the question of conflict of statutes nor the question of the constitutionality of Section 17 of the Budget Law can be determined in *quo warranto*. [People ex rel. v. Whitcomb et al., 55 Ill. 172.] They were questions arising in the transaction of county business and present no question of jurisdiction. They are alleged errors of law. [State ex inf. v. Fleming, 158 Mo. 558, 59 S. W. 118; State ex inf. Mayfield ex rel. Cook v. Dougan, 305 Mo. 383, 1. c. 394, 264 S. W. 997; State ex inf. McAllister v. Albany D. D., 290 Mo. 33, 1. c. 62, 234 S. W. 339.] The rule is stated in a standard text and by the Supreme Court of Wisconsin as follows:

''In considering the nature and purpose of the information in the nature of a *quo warranto*, it is to be premised that it does not . . . command the performance of his official functions by any officer to whom it may run, since it is not directed to the officer as such, but always to the person holding the office or exercising the franchise, and then not for the purpose of dictating or prescribing his official duties, but only to ascertain whether he is rightfully entitled to exercise the functions claimed.'' [High Extraordinary Remedies (3 Ed.), p. 557.]

''It is foreign to the objects and functions of the writ of *quo warranto* to direct any officer what to do. It is never directed to an officer as such, but always to the person—not to dictate to him what he shall do in his office, but to ascertain whether he is constitutionally and legally authorized to perform any act in, or exercise any functions of the office to which he lays claim.'' [Attorney General v. Barstow, 4 Wis. 567, 659, 773.]

If *quo warranto* is a proper remedy to review the questions presented, then any question arising in the transaction of a county's business may be reviewed in *quo warranto*. The writ should be quashed. It is so ordered. All concur.